ORFINGER, Judge.
A jury convicted appellant of first degree murder and use of a firearm in the commission of a felony, and he was duly sentenced to a term of imprisonment for life for the murder charge and five years for the firearm charge. He alleges error in the conviction. We affirm.
Appellant’s first point questions the propriety of the appointment by the court of four psychiatrists to examine the appellant. Appellant’s court appointed attorney filed a notice of intention to rely upon the defense of insanity[1] and at the same time filed a motion requesting the court to appoint physicians to examine appellant’s mental condition. In response to that motion, the court appointed two Daytona Beach psychiatrists, Dr. Rotstein and Dr. Davis, as disinterested, qualified experts to conduct an examination of appellant to determine his mental condition at the time of the alleged offense and subsequent thereto. Dr. Rotstein filed his report on January 23, 1978, finding that appellant was rational and competent at the time of the examination, but that he was incompetent at the time of the commission of the alleged offense. Dr. Davis’ report dated January 30, 1978 said that appellant was competent and rational at the time of the examination, but would not venture an opinion as to appellant’s competence at the time of the alleged offense, because certain information was lacking. Dr. Davis concluded that he could only guess as to appellant’s mental state at the time of the alleged offense.
A pre-trial conference was held on February 6, 1978, at which time the trial court entered another order reciting the statutory amendments relating to the affirmative defense of insanity[2] and appointing two additional psychiatrists in Gainesville, Florida, as disinterested, qualified experts to determine appellant’s mental condition at the time of the alleged offense and subsequent thereto. Subsequent to the entry of this last order and before the two examinations requested by it were conducted, the Florida Supreme Court held that chapter 77-312, *746 Sec. 1, was unconstitutional.[3] Appellant thereupon moved the court to terminate any further psychological examinations, but the court ordered the additional examinations to be conducted and also ordered Dr. Davis to reexamine appellant. The Gaines-ville physicians both filed reports finding appellant to be competent at the time of the alleged offense and at the time of the examination. Dr. Davis reported again that he could not determine what appellant’s mental condition was at the time of the offense.
Upon stipulation of counsel for the State and for appellant, the trial court considered the reports of the four physicians and determined that appellant was competent to stand trial. At the trial, the four physicians testified; Dr. Davis and Dr. Rotstein for appellant, and the other two for the State.
Florida Rule of Criminal Procedure 3.210(e)(3) says in pertinent part:
[u]pon motion of the prosecution, the court may cause the defendant to be examined by one or more disinterested qualified experts, not exceeding three, appointed by the court, at such time and place as may be designated in the order of the court, as to the sanity or insanity of the defendant at the time of the commission of the alleged offense and subsequent thereto.
We find nothing in the rule, nor have we been cited to any authority, to support appellant’s position that the court had no discretion to appoint the third and fourth psychiatrist under the circumstances of this case. Even if the rule intends that at no time can more than three psychiatrists serve the court as disinterested qualified experts, (a point which we need not and do not decide) when the court here appointed the last two physicians, only one of the first pair had been able to render an opinion on appellant’s mental condition at the time of the homicide, so his appointment of two additional physicians was within his discretion under the rule.[4]
Experts appointed by the court to determine mental competency are neither prosecution nor defense witnesses, but neutral experts working for the court, and their opinions are subject to testing for truth and reliability by both prosecution and defense. Parkin v. State, 238 So.2d 817 (Fla.1970). There is no showing here that the appointment of the additional physicians was for any purpose other than securing adequate information concerning appellant’s mental condition, in the light of the serious charges against him.
Under the circumstances of this case, the appointment of the additional physicians is not per se error, and no prejudice is shown. The question of appellant’s sanity at the time of the homicide was thus a question for the jury.
We find no error in the giving of Standard Jury Instruction 2.11(c) on intoxication. Appellant’s statement of particulars in support of his insanity defense stated that he intended to show that he was suffering from a psychotic depression and psychotic depressive reactions. There was much testimony by the appellant that he had been drinking heavily the week before the shooting and that he had been drinking the evening of the shooting. Defendant’s objection to the instruction was properly overruled.
Appellant’s remaining points are without merit. Finding no error, the judgment of conviction is affirmed.
AFFIRMED.
SHARP, J., and WALKER, GRISSIM, H., Associate Judge, concur.

. Rule 3.210(e), Fla.R.Crim.P. (1977).

. Chapter 77-312(1), Laws of Florida (1977), which provided for a bifurcated trial when insanity was raised as a defense and which purported to repeal Fla.R.Crim.P. 3.210.

. State ex rel. Boyd v. Green, 355 So.2d 789 (Fla.1978), which also held that Rule 3.210 remained in effect.

. See Thompson v. State, 389 So.2d 197 (Fla.1980) where the Supreme Court notes without comment that appellant was examined by four court appointed psychiatrists.