456 So.2d 933 (1984)
Perry T. LaPUMA, Appellant,
v.
The STATE of Florida, Appellee.
No. 82-2594.
District Court of Appeal of Florida, Third District.
September 11, 1984.
Rehearing Denied October 22, 1984.
*934 Carlton & Carlton, Lakeland, and Thomas A. Wills, Miami, for appellant.
Jim Smith, Atty. Gen., and Richard E. Doran, Asst. Atty. Gen., for appellee.
Before NESBITT, BASKIN and FERGUSON, JJ.
PER CURIAM.
The defendant appeals his conviction of first degree murder and kidnapping. We affirm.
The primary contention of the defendant is that the trial court erred in failing to conduct a mid-trial hearing regarding his competence to stand trial. It is undisputed that prior to trial, the court properly determined that the defendant was competent to stand trial pursuant to the examinations and hearings prescribed by Florida Rules of Criminal Procedure 3.210-.212 and sections 916.11-.12, Florida Statutes (1981). The defendant argues, however, that his conduct during the course of the trial mandated a further competency determination.
Whether an additional competency hearing should be held following a prior determination of competency is within the sound judicial discretion of the trial court. The Florida supreme court has held that:
[I]t is not an abuse of discretion for the trial court to refuse to order further psychiatric examinations after the accused has been determined to be competent. [citations omitted]
Ross v. State, 386 So.2d 1191, 1195 (Fla. 1980). Accord Brown v. State, 245 So.2d 68 (Fla. 1971), vacated in part, 408 U.S. 938, 92 S.Ct. 2870, 33 L.Ed.2d 759 (1972) (only vacating the imposition of the death penalty); Olsen v. State, 338 So.2d 225 (Fla. 3d DCA 1976). Where a prior determination of competency has been made and the defendant's counsel fails to identify any particular circumstances that have caused the mental condition of the defendant to change since the prior examination, it is not an abuse of discretion for the trial court to decline further psychiatric evaluation. Thompson v. State, 389 So.2d 197 (Fla. 1980).
At the competency hearing, the psychiatrists' reports were reviewed and they indicated that the defendant was competent to stand trial. The reports also stated that the defendant appeared to be malingering or consciously attempting to convince the doctors that he was incompetent. The trial court could properly have concluded that the defendant's behavior during the trial was a continuation of this malingering. See Williams v. State, 396 So.2d 267 (Fla. 3d DCA), review denied, 407 So.2d 1107 (Fla. 1981). Furthermore, the defendant's failure to communicate with his counsel was a matter of his own choosing. See Olsen.
We additionally find that the trial court's request that one of the doctors update his report did not require the court to hold another competency hearing pursuant to the rules and the statutes. The updated report confirmed the trial court's conclusion that the defendant was malingering. Under the circumstances of this case, the request for an updated report from one of the doctors without ordering another competency hearing was not per se error, and no prejudice is shown. Cf. Chapman v. State, 391 So.2d 744 (Fla. 5th DCA 1980) (appointment of an additional doctor beyond that called for in the rules is not per se error); and cf. United States v. Metcalfe, 698 F.2d 877 (7th Cir.) and cases discussed therein (the majority rule in the federal courts is that upon a motion for an initial competency hearing, the trial judge may take evidentiary materials and make any relevant inquiries that shed light on *935 whether reasonable cause exists for such a hearing), cert. denied, ___ U.S. ___, 103 S.Ct. 1886, 76 L.Ed.2d 814 (1983).
We have considered all other alleged errors raised by the defendant and find them either to be without merit or harmless. Accordingly, we affirm the judgment and conviction.