BASKIN, Judge
(dissenting).
The facts of this case compel me to dissent from the majority opinion. The record, in my view, presents no evidence to justify a reversal of the trial court’s denial of Defendant Brehm’s tardy request for a competency reevaluation.
The record discloses that six months pri- or to trial Dr. Jacobson evaluated Brehm and reported to the court that Brehm possessed a rational and factual understanding of the charges and was competent to assist counsel. Dr. Jacobson observed, however, *255 that Brehm showed evidence of a major psychiatric disorder.
Despite Brehm’s “cantankerous” behavior during the trial, his counsel did not request a competency evaluation until the subsequent sentencing hearing. Brehm objected and, insisting that he understood the proceedings, reminded the court that he had already been evaluated and found competent. The trial court denied the request for another evaluation, stating:
Mr. Wallick, I observed the defendant all through those proceedings and I hear, quite frankly, up here at the bench everything he says to you at counsel table and all through the trial every word he uttered to you I heard at the bench.
As a matter of fact, I even told Mr. Brehm if he didn’t keep quiet, I would find him in contempt of Court. At least on two occasions I admonished him to keep quiet. I could hear every single word he said to you.
Mr. Brehm took the stand during the trial in regard to his motion to suppress and he testified and I heard him testify at that time. Mr. Brehm may be eccentric, for want of a better word, but there is no question in my mind, based upon every word I heard him say to you at counsel table, and based upon his testimony during the motion to suppress, that Mr. Brehm is, in fact, competent and he knows what’s going on. He knows right from wrong and is able to assist counsel in his own defense.
The fact he may be cantankerous, which he also is, does not in any way mean he is not competent to assist counsel. There are just some people that have an idea that they want things done their way, and that doesn’t make them incompetent.
Under ordinary circumstances I might be tempted to have him examined, but in this case I was privy to everything he said to you while he was at counsel table, and then I am aware of your conversations with him.
When a trial court has already ruled a defendant competent, it acts within its discretion in denying an additional competency evaluation unless defendant’s counsel identifies particular circumstances as evidence of a deteriorated mental condition. See Thompson v. State, 389 So.2d 197 (Fla.1980); LaPuma v. State, 456 So.2d 933 (Fla. 3d DCA 1984), review denied, 464 So.2d 555 (Fla.1985); cf. Mason v. State, 489 So.2d 734 (Fla.1986) (defendant entitled to evaluation of source of psychiatric information used to determine competency to stand trial in light of proffer of significant evidence of psychiatric history previously unknown and not considered); Holmes v. State, 494 So.2d 230 (Fla. 3d DCA 1986) (defendant’s difficulty in presenting defense necessitated reevaluation of his competency to stand trial although trial court had previously determined defendant to be competent). Counsel cited Brehm’s uncooperative trial conduct as the basis for his request, but failed to apprise the court of any new development which’might have warranted reevaluation. Thus, the trial court acted within its discretion in refusing to order an additional evaluation of Brehm.
For these reasons, I would affirm the trial court’s decision.