DAUKSCH, Chief Judge.
This is an appeal from three convictions of murder in the first degree. Appellant killed his wife and two of his children. The infant child apparently lived even though appellant would have had otherwise.
We have found no judicial error leading to the conviction of appellant but we have been requested to determine whether it is incumbent upon a sentencing judge to order a presentence investigation report in a case such as this, a multiple capital case where the state neither sought nor did the jury or judge require the death penalty.
It is our opinion the trial judge in this case should have ordered and considered a presentence investigation report before he sentenced this appellant to three consecutive life sentences.
Rule 3.710, Florida Rules of Criminal Procedure (1977), requires
In all cases in which the court has discretion as to what sentence may be imposed, the court may refer the case to the probation and parole commission for investigation and recommendation. No sentence or sentences other than probation shall be imposed on any defendant found guilty of a first felony offense or found guilty of a felony while under the age of 18 years, until after such investigation has first been made and the recommendations of the commission received and considered by the sentencing judge.
*166 Committee Notes
1972 Adoption. The rule provides for the utilization of a pre-sentence report as part of the sentencing process. While use of the report is discretionary in all cases, it is mandatory in two instances, the sentencing of a first felony offender and of a defendant under 18 years of age. Of course, no report is necessary where the specific sentence is mandatory, e. g., the sentence of death or life imprisonment in a verdict of first degree murder.
This rule provides that where a sentencing judge has discretion as to what sentence may be imposed he may order a report and recommendation from the parole and probation commission and where the defendant is a first felony offender or is under 18 years old, then the judge shall order the report and recommendation. A felony is any crime to which the accused may be sentenced to death or a term of imprisonment in a state prison. First degree murder is a felony punishable by death or imprisonment for life with a mandatory minimum of twenty-five years in a state prison. Sections 775.081 and 775.082, Fla.Stat. (1979). This appellant was apparently a first felony offender.
Our Supreme Court has held “that once the jury returns a verdict of first degree murder, the trial court is exempt from the mandatory presentence requirements of Rule 3.710, Rules of Criminal Procedure.” Thompson v. State, 328 So.2d 1 (Fla.1976). See also Hargrave v. State, 366 So.2d 1 (Fla.1978). These cases are based upon the premise that because the sentencing judge has no discretion in his sentence that a report would be unnecessary and a futile effort on the part of the commission and the judge. Both of those cases involved a single capital conviction, but this case involves multiple convictions from a three count indictment.
The sentencing judge had discretion to sentence this appellant to a minimum of twenty-five years if he ordered the sentences to run concurrently or a minimum of seventy-five years, as he did when he ordered them to run consecutively. The rule and justice seem to require that when a sentencing judge has discretion in sentencing first felony offenders, then he should look into the background of the defendant to determine the best sentence for that defendant and society. See Thomas v. State, 356 So.2d 846 (Fla.4th DCA 1978). Nothing whatsoever will preclude the sentencing judge from awarding this appellant, or any other convict, the maximum legal sentence but it should be done in accordance with Rule 3.710. The committee note to that rule and the above cited supreme court cases all say no report is necessary where the specific sentence is mandatory. Here the specific sentence was not mandatory. It could have been either consecutive sentences or concurrent sentences. In fact, section 921.16(1), Florida Statutes (1979), says when two or more convictions result from the same indictment, the sentences shall run concurrently unless the judge directs otherwise.
The sentence is reversed and this cause is remanded for resentencing in accordance with this opinion.
JUDGMENT AFFIRMED; SENTENCE REVERSED.
ORFINGER and FRANK D. UP-CHURCH, Jr., JJ., concur.