389 So.2d 197 (1980)
William Lee THOMPSON, Appellant,
v.
STATE of Florida, Appellee.
No. 55697.
Supreme Court of Florida.
July 3, 1980.
Rehearing Denied November 6, 1980.
*198 Harold Solomon of Solomon & Mendelow, Miami Springs, for appellant.
Jim Smith, Atty. Gen., and Margarita Esquiroz and Calvin L. Fox, Asst. Attys. Gen., Miami, for appellee.
PER CURIAM.
This is an appeal from a conviction for first degree murder, kidnapping, and involuntary sexual battery. The trial judge imposed the death sentence in concurrence with the recommendation of the sentencing jury. We have jurisdiction.[1]
This case was previously before the Court in Thompson v. State, 351 So.2d 701 (Fla. 1977), which held that appellant was entitled to withdraw his guilty plea because an honest misunderstanding contaminated its voluntariness. Upon remand, appellant entered his second plea of guilty to each offense. No contention is made in this appeal that this plea was defective in any manner. For the reasons expressed, we affirm the imposition of the death penalty for this torture murder.
The facts are as follows: The appellant Thompson, Rocco Surace, Barbara Savage, and the victim Sally Ivester were staying in a motel room. The girls were instructed to contact their homes to obtain money. The victim received only $25 after telling the others that she thought she could get $200 or $300. Both men became furious. Surace ordered the victim into the bedroom, where he took off his chain belt and began hitting her in the face. Surace then forced her to undress, after which the appellant Thompson began to strike her with the chain. Both men continued to beat and torture the victim. They rammed a chair leg into the victim's vagina, tearing the inner wall and causing internal bleeding. They repeated the process with a night stick. The victim was tortured with lit cigarettes and lighters, and was forced to eat her sanitary napkin and lick spilt beer off the floor. This was followed by further severe beatings with the chain, club, and chair leg. The beatings were interrupted only when the victim was taken to a phone booth, where she was instructed to call her mother and request additional funds. After the call, the men resumed battering the victim in the motel room. The victim died as a result of internal bleeding and multiple injuries. The murder had been witnessed by Barbara Savage, who apparently feared equivalent treatment had she tried to leave the motel room.
*199 The appellant was arrested on April 1, 1976, and was examined by two psychiatrists in April and by two other psychiatrists in June of 1976. All four psychiatrists concluded that the appellant knew right from wrong at the time of the offense and had the capacity to aid counsel.
On June 15, 1976, the appellant entered a guilty plea, and the trial court imposed the death sentence. This Court remanded to allow the defendant to withdraw his plea of guilty. Upon remand, new counsel was appointed for the appellant. As part of his representation, counsel filed a motion for a psychiatric evaluation on the grounds that he had:
reason to believe that the defendant may be suffering a mental deficiency or disease which would render him incapable of assisting in his defense, and may have precluded the defendant from knowing right from wrong at the time of the alleged criminal acts set forth in the indictment.
The state opposed the motion, asserting that there had been sufficient prior psychiatric evaluation. The trial court denied the motion. On September 18, 1978, the defendant entered his second guilty plea, at which time the trial judge inquired at length concerning defendant's competency to make the plea. The trial court accepted the plea and convened an advisory jury over the objection of the appellant, who had moved to waive jury involvement in the sentencing portion of this proceeding. The jury recommended the imposition of the death sentence. Counsel for the appellant thereupon requested another psychiatric evaluation and a presentence investigation report, both of which were denied by the trial judge. The trial court sentenced Thompson to death for the murder conviction and sentenced him to terms of life imprisonment for both the kidnapping and the involuntary sexual battery convictions. The codefendant, Roco Surace, had initially entered a plea of guilty and was sentenced to death. Upon reversal by this Court,[2] Surace was subsequently found guilty of second-degree murder in a retrial[3] in which the appellant Thompson testified and took credit for the entire incident.
The appellant does not dispute the validity of the guilty plea and conviction, but he advances six grounds upon which the death sentence should be reversed. We find these grounds to be without merit.
First, appellant contends that the trial court deprived the defendant of due process by denying the request for additional psychiatric testing. We find the trial court did not abuse its discretion in declining to order further psychiatric evaluations in view of the four previous reports and the failure of appellant's counsel to identify any particular circumstance that had caused the mental condition of the appellant to change since those prior examinations and the plea of guilty. We find that the trial court properly inquired into the competency of the appellant at the time he entered his second guilty plea in this cause.
The appellant contends that it was error for the trial court to deny the request for a presentence investigation. This Court has previously addressed this issue, holding that the trial court may deny a presentence investigation in capital cases. Hargrave v. State, 366 So.2d 1 (Fla. 1978); Thompson v. State, 328 So.2d 1 (Fla. 1976).
In his third point, the appellant asserts that the trial court erred by convening an advisory jury over the objection of the appellant, and by excluding for cause prospective jurors who absolutely opposed the imposition of the death penalty. This Court has previously held that each of those contentions is without merit. Witt v. State, 342 So.2d 497 (Fla. 1977), cert. denied, 434 U.S. 935, 98 S.Ct. 422, 54 L.Ed.2d 294 (1977); State v. Carr, 336 So.2d 358 (Fla. 1976).
The fourth point of appeal concerns four photographs of the victim which were *200 admitted into evidence. Appellant argues that these photographs were grotesque and prejudicial and should not have been admitted into evidence because appellant had conceded the heinous nature of the crime, thus the pictures could serve only to inflame the jury. The admission of the photographs was proper. The trial court was careful to admit only those photographs depicting the victim at the crime scene; photos of the victim taken at the medical examiner's office were excluded. We find these photographs were properly admitted to establish the extent of the heinous nature of this torture murder.
In his fifth contention, the appellant argues that the trial court ignored certain evidence of domination by the accomplice Surace. We believe the argument is without merit. The record reflects that at the time of the initial beating of the victim, the appellant left the bedroom and told the witness, Barbara Savage, that he (appellant) was so angry he "felt like killing Sally [the victim]." We also agree that the trial judge was not required to ignore the fact that this appellant testified at the Surace trial that the appellant himself was responsible for the entire incident. We find the trial judge did not "ignore" the evidence of Surace's domination of appellant. He simply declined to find the record justified such a conclusion, and we agree.
Appellant's final point, asserting that our death penalty statute constitutes cruel and unusual punishment, has been consistently rejected by this Court; the statute's constitutionality previously has been upheld against appellant's "intolerable discretion" argument. Proffitt v. Florida, 428 U.S. 242, 96 S.Ct. 2960, 49 L.Ed.2d 913 (1976); Hargrave v. State, 366 So.2d 1 (Fla. 1978).
In imposing the death sentence, the trial court found as mitigating circumstances that appellant had no significant history of prior criminal activities and that he was twenty-six years old at the time of sentencing. These were found insufficient to outweigh the aggravating circumstances that this capital felony was committed while the defendant was engaged in kidnapping and involuntary sexual battery, and that this was an atrocious and cruel act. We place special emphasis on the latter aggravating factor. The heinous nature of this crime is fully reflected in the sentencing order of the trial judge:
The facts in this case show this to be an extremely violent and heinous crime. The victim was beaten with a chain and a billy club; struck with a chair leg, and burned with a cigarette lighter in the area of her vagina. The chair leg was forced into the vagina of the victim, and was then twisted inside and struck with the hand to force it far up into the vaginal area. The billy club was forced into the vagina of the victim that it ripped the entire portion of the vagina tearing the wall, causing such extreme pain, that the shock contributed in great part to the death of the victim, as stated by the medical examiner in his testimony. The beating of the victim resulted in 80% of the victim's body being covered with deep bruises, cuts and perforations, in addition to some of her front teeth being broken by blows from the defendant. In addition, the defendant burned the victim with lit cigarettes on various parts of her body.
For the reasons expressed, we affirm the conviction of William Lee Thompson for the murder, involuntary sexual battery, and kidnapping of Sally Ivester, and agree that the death penalty is clearly an appropriate punishment in this cause.
It is so ordered.
SUNDBERG, C.J., and ADKINS, BOYD, OVERTON, ENGLAND and ALDERMAN, JJ., concur.
McDONALD, J., dissents.

ORDER ON DENIAL OF REHEARING
We deny rehearing, but clarify the opinion to reflect clearly that (a) the previous guilty pleas of the appellant and his codefendant Surace were reversed by this Court; (b) upon retrial, Surace was found *201 guilty of second-degree murder; and (c) the appellant Thompson testified at Surace's trial and took credit for the entire incident.
It is so ordered.
NOTES
[1] Art. V, § 3(b)(1), Fla. Const.
[2] Surace v. State, 351 So.2d 702 (Fla. 1977).
[3] Surace v. State, 378 So.2d 895 (Fla. 3d DCA 1980).