PER CURIAM.
We have for review the decision of the District Court, Fifth District, in Purwin v. State, reported at 385 So.2d 165 (Fla. 5th DCA 1980). The district court reversed the trial court’s imposition of sentence upon the ground that it should have ordered and considered a presentenee investigation report before sentencing Purwin to three consecutive life sentences for three convictions of murder in the first degree. We find that this decision expressly and directly conflicts with our decisions in Thompson v. State, 389 So.2d 197 (Fla. 1980); Jackson v. State, 366 So.2d 752 (Fla. 1978), cert. denied, 444 U.S. 885, 100 S.Ct. 177, 62 L.Ed.2d 115 (1979); Hargrave v. State, 366 So.2d 1 (1978), cert. denied, 444 U.S. 919, 100 S.Ct. 239, 62 L.Ed.2d 176 (1979); and Thompson v. State, 328 So.2d 1 (Fla. 1976).
We adhere to our previous decisions and find that the trial court was not required by Florida Rule of Criminal Procedure 3.710 to order a presentenee investigation report. We hold that where there are multiple capital felony convictions, the trial court may, but is not required to, order a presentence investigation report before sentencing a defendant. This is true even in those eases where the death penalty is not available as a sentence alternative and where the defendant is a first felony offender. The decision of the district court is therefore quashed in part, and this cause is remanded with directions to reinstate the sentences imposed by the trial court.
It is so ordered.
SUNDBERG, C. J., and ADKINS, BOYD, OVERTON and ALDERMAN, JJ., concur.