420 So.2d 578 (1982)
Larry Eugene MANN, Appellant,
v.
STATE of Florida, Appellee.
No. 60569.
Supreme Court of Florida.
September 2, 1982.
Rehearing Denied November 3, 1982.
*579 Jerry Hill, Public Defender and David A. Davis, Asst. Public Defender, Tenth Judicial Circuit, Bartow, for appellant.
Jim Smith, Atty. Gen., and Michael J. Kotler, Asst. Atty. Gen., Tampa, for appellee.
*580 PER CURIAM.
This is an appeal from a conviction of first-degree murder and a sentence of death. We have jurisdiction[1] and affirm the conviction but vacate the sentence.
On November 4, 1980 ten-year-old Elisa Nelson was abducted while bicycling to school after a dentist's appointment. Her bicycle was found later that day, and searchers found her body the following day. She died from a skull fracture and had been stabbed and cut several times.
The afternoon of the 4th Mann attempted to commit suicide. The police took him to a hospital where he stayed several days. On November 8th Mann's wife, while looking in his pickup truck for his eyeglasses, found a bloodstained note written by Elisa's mother explaining her daughter's tardiness because of the dentist's appointment. The police obtained a warrant to search Mann's truck and home and arrested him on the 10th.
The jury convicted Mann of first-degree murder and recommended the death penalty. The trial court agreed with the recommendation, finding four aggravating factors[2] and, possibly, one mitigating circumstance.[3] On appeal Mann alleges one trial error and seven sentencing errors.
The claimed trial error is that the trial court should not have allowed into evidence the fact that several bloodstains found at the crime scene and on the seat of Mann's truck matched the bloodtype of and had the same type of enzymes as the victim. Mann agrees that such evidence would normally be admitted as relevant, but in this case his bloodtype and type of enzymes are the same as those of the victim. He argues, therefore, that this evidence tends to prove nothing, particularly since he presented evidence that he had, prior to the homicide, bled profusely in the truck from an injury. He argues that, since it is equally as likely that the blood was his as that of the victim, the bloodstains in the truck were irrelevant and should have been excluded.
The court properly admitted this evidence. Relevant evidence is evidence tending to prove a material fact and is admissible, except as provided by law. §§ 90.401, 94.402, Fla. Stat. (1979). The bloodstained note had been found in the truck; the fact of blood in the truck had some relevance whether it came from the victim or from Mann. If it were the victim's, it was evidence of her or her body being in the truck; if Mann's, it could explain the blood on the note. Either theory tended to prove some connection between Mann and the victim.
In addition to this claimed trial error we have independently reviewed the record to assure ourselves of the propriety of the conviction. We find the conviction supported by competent, substantial evidence, free from substantive error, and affirm it.
Mann's main arguments center upon the imposition of the death penalty. His first contention is that the trial judge allowed inadmissible testimony in connection with a prior felony conviction in Mississippi to be introduced into evidence, compounded that error when he found that Mann had been convicted of a burglary during the course of which he used violence, and then used that fact as an aggravating factor in his sentencing order.
One of the aggravating circumstances that a trial judge may consider in determining whether or not to impose the death penalty is set out in section 921.141(5)(b), Florida Statutes (1979): "The defendant was previously convicted of another capital felony or of a felony involving the use or threat of violence to the person." Mann had been convicted in Mississippi of the crime of burglary, an offense that, standing alone, would not fall within the foregoing definition. Lewis v. State, 398 So.2d 432 (Fla. 1981). See Ford v. State, 374 So.2d 496 (Fla. 1979), cert. denied, 445 U.S. 972, 100 S.Ct. 1666, 64 L.Ed.2d 249 (1980).
*581 The facts adduced at the sentencing phase of the trial showed that during that burglary the defendant committed a sexual battery upon the occupant of the house he burglarized. Had he been convicted of that sexual battery, the aggravating factor would apply. We must determine whether on sentencing it is proper, in an effort to prove conviction of a prior felony involving the use or threat of violence, to show what actually transpired when the conviction itself was for a crime which, by itself, is not a crime involving the use of violence. Must the conviction itself have inherently included a prior jury's determination of violence, or is it enough to show a prior conviction and let the sentencing jury find, based upon the evidence, whether that prior conviction included violence? Section 921.141(5)(b) does not contain the "during which" language utilized by the trial judge. We are not presented with a copy of the Mississippi charge document and, thus, cannot determine whether it alleged, and the jury convicted him of, a breaking with intent to commit a crime of violence. The record of Mann's conviction, as presented to this Court, does not disclose a conviction of a crime of violence. We hold that a prior conviction of a felony involving violence must be limited to one in which the judgment of conviction discloses that it involved violence.[4] On the record in this case the trial judge improperly found prior conviction of a felony involving violence.
Another area of concern is the trial judge's attention to Mann's evidence in mitigation. This is particularly significant because it relates to the properly found aggravating circumstance of the crime being especially heinous, atrocious, and cruel. There is frequently a significant connection between the grossness of a homicide and the perpetrator's mental condition. A psychiatrist testified that Mann's mental condition was of such a nature that he was under the influence of extreme mental or emotional disturbance when he committed this atrocity and that his capacity to appreciate the criminality of his conduct or to conform his conduct to the requirements of law was substantially impaired. § 921.141(6)(b), (f). Although this witness was cross-examined, his opinions were neither rebutted nor contradicted by another witness. The trial judge's reference to the testimony is:
The only mitigating circumstance apparent to the Court which is based solely upon the opinion of Dr. Alfred Fireman, a local psychiatrist, is that the defendant suffered from psychotic depression and paranoid feelings of rage against himself because of strong pedophilic urges.
From this we are unable to discern if the trial judge found that the mental mitigating circumstances did not exist. If so it appears that he misconstrued the doctor's testimony. On the other hand, he may have found them to exist and weighed them against the proper aggravating circumstances. We, however, cannot tell which occurred. The trial judge's findings in regard to the death sentence should be of unmistakable clarity so that we can properly review them and not speculate as to what he found; this case does not meet that test.
We also find that the trial court improperly found the homicide to have been committed in a cold, calculated, premeditated manner. § 921.141(5)(i). The state's evidence failed to support finding this aggravating circumstance. See Jent v. State, 408 So.2d 1024 (Fla. 1981). We find Mann's other sentencing challenges to be without merit.
The conviction is affirmed, but the sentence is vacated. The trial court is directed to conduct a new sentencing proceeding without a jury.
It is so ordered.
OVERTON, SUNDBERG, McDONALD and EHRLICH, JJ., concur.
ALDERMAN, C.J., concurs in part and dissents in part with an opinion, with which ADKINS and BOYD, JJ., concur.
*582 ALDERMAN, Chief Justice, concurring in part, dissenting in part.
I concur with the affirmance of Mann's conviction for first-degree murder, but I dissent to the reversal of his death sentence and the remand for a new sentencing hearing.
I believe the trial court properly found the aggravating circumstance that Mann was previously convicted of a felony involving the use or threat of violence to the person. This previous crime was described by the trial court as follows:
In 1973 the defendant was convicted of the crime of burglary in Mississippi during the course of which, through threats and actual physical force, he had the victim perform fellatio upon him resulting in his ejaculation in her mouth. That victim, Deborah Richards (now Deborah Johnson), was produced by the State to testify in the penalty phase of this trial as to the above facts. The force used involved choking, hair pulling and throwing the victim across the room. The defendant was sentenced to nine (9) years imprisonment and was paroled after serving four (4) years.
Although burglary will not necessarily be a crime of violence as contemplated by this aggravating circumstance, in the present case the State proved beyond a reasonable doubt that the felony of burglary for which Mann was previously convicted involved "the use or threat of violence." The trial court, in its findings in support of the death penalty, clearly delineated an adequate factual basis for a finding of this aggravating circumstance. I disagree with the majority's holding that this aggravating circumstance was improperly found to exist. It is not a necessary predicate to this aggravating circumstance that the judgment of conviction of the prior felony disclose that it involved violence as suggested by the majority. Rather, it is sufficient that the State prove beyond a reasonable doubt, as it did in this case, that the defendant was previously convicted of another felony and that while committing that felony the defendant used or threatened to use violence to another person.
The majority acknowledges that the trial court properly found as aggravating circumstances that the capital felony committed by Mann was especially heinous, atrocious, or cruel and that the murder was committed while Mann was engaged in a kidnapping. The majority, however, expresses concern about the trial court's attention to Mann's evidence in mitigation. It notes that there is frequently a significant connection between the grossness of a homicide and the perpetrator's mental condition. In this case, the trial court, in support of its finding that this murder was especially heinous, atrocious, or cruel, explained that the victim, a 10-year-old girl, sustained a 3 1/4-inch cut on the right side of her neck, and a 4 1/2-inch cut on the left side of her neck, which cuts produced great pain and severe bleeding and that the victim was conscious for at least several minutes before elapsing into unconsciousness due to loss of blood. The court further stated that death was produced as the result of a massive skull fracture caused by blunt trauma. This was a proper finding. The heinousness, atrociousness, or cruelness of Mann's acts is determined on the basis of what Mann did and its effect on the victim. Diminished mental capacity does not abrogate this aggravating factor. A legally sane but mentally ill defendant who commits an especially heinous, atrocious, or cruel murder will have this aggravating factor weighed against him even though his mental illness contributed to the heinousness, atrociousness, or cruelness of his actions. Evidence of his mental condition is only to be considered in determining whether a mitigating circumstance is proven. Such evidence is not relevant in determining whether the murder is especially heinous, atrocious, or cruel.
In the present case the trial court considered the evidence offered in mitigation as to defendant's mental or emotional disturbance and expressly found as the sole mitigating factor that Mann suffered from psychotic depression and paranoid feelings of rage against himself because of strong *583 pedophilic urges. It then weighed this mitigating factor against the aggravating factors and found that the aggravating factors far outweighed the mitigating.
Even if the trial court's finding that this murder was committed in a cold, calculated, and premeditated manner was not proven beyond a reasonable doubt by the State, as the majority holds, the elimination of this aggravating factor from the weighing process does not require a reversal of the death sentence. The court validly found that Mann had been previously convicted of another felony involving the use or threat of violence to the person, that the murder was committed while Mann was engaged in a kidnapping, and that the murder was especially heinous, atrocious, or cruel. These aggravating circumstances, coupled with the jury's recommendation of death, are more than sufficient to outweigh the very weak mitigating circumstance found in this case and to warrant imposition of the death penalty. This case should not be remanded for resentencing.
I not only would affirm Mann's conviction but also would affirm his sentence of death.
ADKINS and BOYD, JJ., concur.
NOTES
[1] Art. V, § 3(b)(1), Fla. Const.
[2] Prior conviction of violent felony; felony murder; heinous, atrocious, and cruel; and cold, calculated, and premeditated.
[3] Psychotic depression and paranoid feelings of rage.
[4] Such as a conviction under § 810.02(2)(a), Fla. Stat.