453 So.2d 784 (1984)
Larry Eugene MANN, Appellant,
v.
STATE of Florida, Appellee.
No. 63438.
Supreme Court of Florida.
May 24, 1984.
Rehearing Denied August 30, 1984.
*785 Jerry Hill, Public Defender, and W.C. McLain, Asst. Public Defender, Tenth Judicial Circuit, Bartow, for appellant.
Jim Smith, Atty. Gen., and Michael J. Kotler, Asst. Atty. Gen., Tampa, for appellee.
PER CURIAM.
A jury convicted Mann of first-degree murder and kidnapping and recommended the death penalty. The trial court sentenced Mann to death for the murder and to ninety-nine years for the kidnapping. On appeal we affirmed the convictions, but vacated the death sentence and remanded for resentencing. Mann v. State, 420 So.2d 578 (Fla. 1982). On remand the trial court conducted a new sentencing proceeding without a jury and again sentenced Mann to death. We have jurisdiction pursuant to article V, section 3(b)(1) of the Florida Constitution and affirm the death sentence.
In Mann's original sentencing proceeding the state introduced a copy of a conviction showing that Mann had been convicted of burglary in Mississippi. The state also presented evidence (testimony of the victim) to show that Mann committed a sexual battery upon the occupant of the house he burgled. Relying on this conviction and supporting evidence, the trial court found that the aggravating circumstance of previous conviction of a violent felony had been established. § 921.141(5)(b), Fla. Stat. (1979).
On appeal we held that the trial court had erroneously found this aggravating circumstance because burglary is not a crime of violence on its face. 420 So.2d at 580. We also held that the trial court had improperly found the establishment of another aggravating circumstance and that we could not tell what the trial court found regarding the mitigating evidence that Mann presented. We therefore vacated the sentence and remanded for resentencing.
On resentencing the trial court deleted the second improper aggravating factor and specifically found in mitigation that Mann suffered from psychotic depression and feelings of rage. The court also again found that the prior Mississippi conviction established the aggravating factor of previous *786 conviction of a violent felony. We hold that this aggravating circumstance has now been established.
Besides relying on the evidence presented in the first sentencing proceeding, at resentencing the state introduced a copy of a Mississippi indictment charging Mann with burglary both with the intent to commit unnatural carnal intercourse and that he did commit that crime against a named female person. Mann now claims that our first opinion precluded the state from presenting additional evidence. We disagree.
Our remand directed a new sentencing proceeding, not just a reweighing. In such a proceeding both sides may, if they choose, present additional evidence. Moreover, as we stated previously: "We are not presented with a copy of the Mississippi charge document and, thus, cannot determine whether it alleged, and the jury convicted him of, a breaking with intent to commit a crime of violence." Id. at 581. The state remedied this omission on resentencing, and the proof  the indictment, the conviction, and the victim's testimony  establishes a prior conviction of a violent felony.
In aggravation the trial court also again found the murder to have been committed during the course of a kidnapping and to have been especially heinous, atrocious, and cruel. He found that the three established aggravating circumstances outweighed the single mitigating circumstance and again sentenced Mann to death. Compare Adams v. State, 412 So.2d 850 (Fla. 1982) (eight-year-old girl strangled, mitigating circumstances of emotional disturbance outweighed by aggravating circumstances). We find no error and affirm the sentence.
It is so ordered.
ALDERMAN, C.J., and ADKINS, BOYD, OVERTON, McDONALD, EHRLICH and SHAW, JJ., concur.