461 So.2d 84 (1984)
James Franklin ROSE, Appellant,
v.
STATE of Florida, Appellee.
No. 63996.
Supreme Court of Florida.
December 6, 1984.
Rehearing Denied January 24, 1985.
*85 Richard L. Jorandby, Public Defender, and Louis G. Carres, Asst. Public Defender, Fifteenth Judicial Circuit, West Palm Beach, for appellant.
Jim Smith, Atty. Gen., and Joan Fowler Rossin, Asst. Atty. Gen., West Palm Beach, for appellee.
ALDERMAN, Justice.
James Franklin Rose appeals his sentence of death. Finding no reversible error, we affirm.
In his previous appeal from his convictions for the murder and the kidnapping of eight-year-old Lisa Berry,[1] we affirmed his convictions and life sentence for the kidnapping, but we reversed the death sentence and remanded for a new sentencing hearing because the trial court reversibly erred in giving the "Allen charge"[2] during the penalty phase of the trial. Rose v. State, 425 So.2d 521 (Fla. 1982), cert. denied, 461 U.S. 909, 103 S.Ct. 1883, 76 L.Ed.2d 812 (1983).
The jury, in the first sentencing proceeding, ultimately recommended the death penalty. In our decision vacating the death sentence, we said that when the jury passed a note to the judge asking for instruction because they were tied 6 to 6, the trial judge should have advised them that it was not necessary to have a majority reach a sentencing recommendation. We held that there was no reason to give the "Allen charge" during the penalty phase because if seven jurors do not vote to recommend death, the recommendation is life.
Upon remand, a new sentencing hearing was held, and evidence was presented by both the state and Rose. The jury recommended by a vote of 11 to 1 that Rose be sentenced to death, and the trial court imposed the death sentence. The court found no mitigating circumstances and found the aggravating circumstances that Rose was under sentence of imprisonment when he *86 committed the murder because he was on parole at the time, that he had been previously convicted of a felony involving the use or threat of violence, and that the murder was committed while he was engaged in the commission of a kidnapping.
Rose now challenges his sentence of death on seventeen grounds,[3] none of which we find warrant reversal of his sentence and only a few of which merit discussion.
Rose contends that the prosecutor committed prejudicial error by commenting on Rose's silence during his opening statement to the jury. He concedes, however, that he made no objection to this comment and acknowledges that an objection and motion for mistrial are required for reversal under our decision in Clark v. State, 363 So.2d 331 (Fla. 1978). He argues that death penalty cases are different, and therefore we should consider this argument despite his failure to object. We disagree and hold that the holding in Clark, that a contemporaneous objection is necessary at the time an improper comment is made, is applicable to the present case. By Rose's failure to object at the penalty proceeding, he waived his right to object and cannot now raise that issue on appeal. Simpson v. State, 418 So.2d 984 (Fla. 1982), cert. denied, 459 S.Ct. 1156, 103 S.Ct. 801, 74 L.Ed.2d 1004 (1983).
Rose also argues that we cannot properly affirm a sentence of death because the jury in the first sentencing proceeding passed a note to the judge indicating that they needed instruction because they were tied 6 to 6 and no one at the moment would change. Rose maintains that the note to the jury in the first sentencing proceeding was tantamount to a jury recommendation of life and that this purported life recommendation should be considered the advisory sentence upon which his sentence should be based. We have already implicitly decided this issue against Rose in his first appeal when we remanded for a new sentencing hearing. The note of the jury did not rise to the level of an advisory recommendation of the sentence to be imposed. The advisory recommendation of the jury following the prior sentencing hearing was death, the same as the jury recommendation in the sentencing proceeding presently before us for review.
Rose contends that the trial court reversibly erred in denying his motion for an updated presentence investigation report. Denial of this report, he contends, deprived him of the right to an equal opportunity to present relevant evidence concerning the last six years of his life.
*87 There is no requirement that a presentence investigation report be ordered in capital cases. We have held that the ordering of a presentence report is discretionary in capital cases, and the failure of the trial court to order such report does not constitute reversible error. Harich v. State, 437 So.2d 1082 (Fla. 1983), cert. denied, ___ U.S. ___, 104 S.Ct. 1329, 79 L.Ed.2d 724 (1984); State v. Purwin, 405 So.2d 970 (Fla. 1981); Thompson v. State, 389 So.2d 197 (Fla. 1980).
Regarding defendant's argument that the court erred in not granting his second motion for continuance of his sentencing proceeding made on the day of trial, we hold that the trial court did not abuse his discretion in denying this motion. In our recent case of Williams v. State, 438 So.2d 781 (Fla. 1983), cert. denied, ___ U.S. ___, 104 S.Ct. 1617, 80 L.Ed.2d 146 (1984), we reiterated our earlier holding in Cooper v. State, 336 So.2d 1133 (Fla. 1976), cert. denied, 431 U.S. 925, 97 S.Ct. 2200, 53 L.Ed.2d 239 (1977), wherein we announced: "While death penalty cases command our closest scrutiny, it is still the obligation of an appellate court to review with caution the exercise of experienced discretion by a trial judge in matters such as a motion for a continuance." 336 So.2d at 1138. In Magill v. State, 386 So.2d 1188 (Fla. 1980), cert. denied, 450 U.S. 927, 101 S.Ct. 1384, 67 L.Ed.2d 359 (1981), we held that denial of a motion for continuance should not be reversed unless there has been a palpable abuse of discretion and that this abuse must clearly and affirmatively appear in the record. No such palpable abuse of discretion has been demonstrated in the present case.
Further, we find no reversible error in the trial court's instructions to the jury. The instructions did not preclude the jury from making a determination as to whether the evidence presented supported the aggravating circumstance of Rose's being on parole when he committed the murder. We also reject Rose's argument that, because the aggravating circumstance that he was under imprisonment at the time of the murder was not found by the trial court in its original sentencing, it was reversible error for the trial court to instruct on this circumstance and to find its existence in the present sentencing proceeding. Rose was originally sentenced to death after a jury recommendation of death. The trial court found no mitigating factors. We remanded this case for a new sentencing hearing before a jury. Evidence was presented by both sides. The jury recommended death, and the trial court resentenced Rose to death, finding one additional aggravating factor and no mitigating factor. This did not violate Rose's right against double jeopardy and was not error.
We also hold that it was not reversible error for the trial court to overrule Rose's objection to the introduction of prior convictions and that the court did not err in finding that Rose had been previously convicted of a felony involving the use or threat of violence to the person. Rose was previously charged and convicted of burglary with intent to commit rape.
Rose relies on Mann v. State, 420 So.2d 578 (Fla. 1982), to support his contention that this aggravating circumstance was improperly found. In Mann's original sentencing proceeding, the state introduced a copy of a conviction of burglary in Mississippi. We remanded because we found that burglary is not a crime of violence on its face. We expressly stated: "We are not presented with a copy of the Mississippi charge document and, thus, cannot determine whether it alleged, and the jury convicted him of, a breaking with intent to commit a crime of violence." 420 So.2d at 581 (emphasis supplied). In his subsequent appeal from his resentencing to death, where the trial court again found that the prior Mississippi conviction established the aggravating factor of previous conviction of a violent felony, we affirmed and held this circumstance to have been properly found because "[t]he state remedied this omission on resentencing, and the proof  the indictment, the conviction, and the victim's testimony  establishes a prior conviction of a violent felony." Mann v. *88 State, 453 So.2d 784 (Fla. 1984). In this second Mann decision, we reiterated that in the first Mann appeal, we could not determine whether the charging document alleged and whether Mann was convicted of breaking with intent to commit a crime of violence. In the present case, the charging document and the judgment and sentence in the record before us establish that Rose was previously convicted of breaking and entering with intent to commit a crime of violence  rape.
Accordingly, finding no reversible error, we affirm the sentence of death.
It is so ordered.
BOYD, C.J., and ADKINS, EHRLICH and SHAW, JJ., concur.
OVERTON and McDONALD, JJ., concur in result only.
NOTES
[1] Rose kidnapped Lisa Berry from a bowling alley on the evening of October 22, 1976, and murdered her. Four days after her disappearance, her nude body was found in a canal located ten miles from the bowling alley. An autopsy revealed that she had died as a result of severe head injuries caused by blunt force.
[2] Allen v. United States, 164 U.S. 492, 17 S.Ct. 154, 41 L.Ed. 528 (1896); Fla.Std.Jury Instr. (Crim.) 2.21.
[3] He argues that he was denied an impartial jury sentencing proceeding because the state exercised its peremptory challenge to exclude a certain prospective juror; that he was denied a fair sentencing hearing because the trial court denied his request that the jury be instructed on the alternative definitions of first-degree murder; that the trial court reversibly erred in denying his request to instruct the jury on the rule of circumstantial evidence; that the prosecutor committed fundamental error during his opening statement; that the trial court reversibly erred in overruling Rose's objection to the introduction of the autopsy photograph; that the trial court reversibly erred in overruling his objection to introduction of the certified parole certificate; that the trial court reversibly erred in sustaining the state's objection to a question posed by defense counsel to his witness; that this Court cannot properly affirm a sentence of death where, in the first sentencing proceeding, the jury passed a note to the judge indicating that they were tied 6 to 6; that the trial court reversibly erred in sustaining the state's objection to a hypothetical question posed by defense counsel to his expert witness; that the trial court reversibly erred in not appointing counsel of his choice; that the court reversibly erred in denying his motion for an updated PSI; that certain comments made by the prosecutor denied him a fair sentencing hearing; that the trial court reversibly erred in not granting him continuance; that the trial court reversibly erred in instructing the jury on the aggravating circumstance that the murder was committed by a person under sentence of imprisonment; that the trial court reversibly erred in failing to instruct the jury on all of the aggravating circumstances; that this Court should reduce his sentence to life on the basis of the jury's advisory life recommendation; and that the trial court reversibly erred in overruling his objection to introduction of evidence of prior convictions and in finding that he had been previously convicted of a crime involving violence.