482 So.2d 1360 (1986)
Larry Eugene MANN, Appellant,
v.
STATE of Florida, Appellee.
Nos. 68261, 68262.
Supreme Court of Florida.
February 1, 1986.
Larry Helm Spalding, Capital Collateral Representative and Steven H. Malone and *1361 Mark A. Evans, Asst. Capital Collateral Representatives, St. Petersburg, for appellant/petitioner.
Jim Smith, Atty. Gen. and Michael Kotler, Asst. Atty. Gen., Tampa, for appellee/respondent.
PER CURIAM.
Larry Eugene Mann, a convicted murderer who is scheduled for execution on February 4, 1986 seeks reversal of a circuit court order denying relief on his motion filed pursuant to rule 3.850, Florida Rules of Criminal Procedure. Mann also seeks relief by way of a petition for habeas corpus claiming he was deprived of effective appellate counsel. He further seeks a stay of execution. We deny all relief.
Mann was convicted of first-degree murder and sentenced to death for the slaying of a ten-year-old girl. His first appeal resulted in our affirming his conviction but vacating the original sentence and remanding the cause to the trial judge for a new sentencing hearing. Mann v. State, 420 So.2d 578 (Fla. 1982). The trial court resentenced Mann to death and this Court affirmed that sentence. Mann v. State, 453 So.2d 784 (Fla. 1984), cert. denied, ___ U.S. ___, 105 S.Ct. 940, 83 L.Ed.2d 953 (1985). The governor signed Mann's death warrant on January 7, 1986.[*]
Mann filed his motion for relief on January 30, 1986 which was denied on the same day without an evidentiary hearing or oral argument. Our first task is to review the motion to determine if an evidentiary hearing was required. After doing so, we agree with the trial judge that none was. As to not having oral argument, the motion and attached memorandum was self-explanatory, and, considering the time constraints and the trial judge's familiarity with this case, the trial judge did not abuse his discretion by not having oral argument.
Mann files numerous contentions. Among them he claims that his trial counsel was ineffective by failing to object to what Mann now perceives to be improper prosecutorial statements. Our review of the original record belies the claim of prosecutorial misbehavior. Most of the comments complained of occurred during closing arguments in the penalty phase. Considered in the light of the overall argument, had this argument been objected to, at best it would have resulted in an admonishment to the jury to disregard. The comments could not be construed to cause substantial harm or cause material prejudice and thus would not have constituted reversible error. Breedlove v. State, 413 So.2d 1 (Fla.), cert. denied, 459 U.S. 882, 103 S.Ct. 184, 74 L.Ed.2d 149 (1982); Spencer v. State, 133 So.2d 729 (Fla. 1961), cert. denied, 369 U.S. 880, 82 S.Ct. 1155, 8 L.Ed.2d 283 (1962), cert. denied, 372 U.S. 904, 83 S.Ct. 742, 9 L.Ed.2d 730 (1963). If raised on appeal, we would have found the statements to be within the limits of fair comments on the evidence and permissible solicitation by the state for a death recommendation.
We see no need or benefit in discussing in detail the remainder of Mann's claims in his 3.850 motion. We do reject his contention that it is appropriate in a collateral attack on his sentence of death to attempt to collaterally attack Mann's prior conviction of a crime of violence in Mississippi; neither is it error to fail to delay the execution of his sentence prior to a ruling in Mississippi on any collateral attack in that state.
It is obvious and clear that present counsel's complaint of trial counsel's handling of the trial would not have affected the truth-seeking process, the evaluation of the *1362 evidence, the proper application of the law, or the outcome of the case. A comparison of the original trial record clearly and conclusively refutes any claim that there was any constitutional infirmity in the trial. The same is true of the appellate process. Although Mann urges vehemently numerous grounds for habeas corpus relief, each is either refuted or is insufficient for relief.
In conclusion, we are satisfied that this was a well and conscientiously tried case by counsel, the trial judge, and the jury. Appellate counsel and this Court have zealously fulfilled their review responsibilities. Accordingly, we affirm the order of the trial judge denying relief under the 3.850 motion. We deny the application for habeas corpus. We deny the application for a stay of execution.
No motion for rehearing will be entertained by the Court.
It is so ordered.
ADKINS, Acting C.J., and OVERTON, McDONALD, EHRLICH and SHAW, JJ., concur.
NOTES
[*] When this Court was advised of the signing of Mann's death warrant, we immediately set a proposed oral argument date of January 27th. In doing so we allowed ample time for the filing of appropriate pleadings and a hearing on them at the trial level. The matters under review were not even filed in the trial court until after that scheduled date. Hence, we considered this matter without oral argument and on the written record and arguments filed in the trial court and on the petition for habeas corpus filed in this Court.