505 So.2d 1321 (1987)
David Ross DELAP, Appellant,
v.
STATE of Florida, Appellee.
No. 68266.
Supreme Court of Florida.
March 26, 1987.
Rehearing Denied May 21, 1987.
*1322 Gerry S. Gibson, of Steel, Hector & Davis, Miami, for appellant.
Robert A. Butterworth, Atty. Gen., and Lee Rosenthal, Asst. Atty. Gen., West Palm Beach, for appellee.
ADKINS (Ret.), Justice.
David Ross Delap, a state prisoner under sentence of death, appeals the trial court's denial of his motion for post-conviction relief under Florida Rule of Criminal Procedure 3.850 without an evidentiary hearing. We have jurisdiction, article V, section 3(b)(1), Florida Constitution, and affirm the trial court's order.
Delap was convicted in February 1976 of the first-degree murder of Paula Etheridge and sentenced to death. This Court reversed that conviction, as no complete trial transcript was produced for appellate review. Delap v. State, 350 So.2d 462 (Fla. 1977). Upon remand, Delap was once again convicted and sentenced to death. The conviction and sentence were affirmed in Delap v. State, 440 So.2d 1242 (Fla. 1983), cert. denied, 467 U.S. 1264, 104 S.Ct. 3559, 82 L.Ed.2d 860 (1984).
In December 1985, Delap sought collateral review pursuant to Florida Rule of Criminal Procedure 3.850, and the trial court denied all relief without an evidentiary hearing. Upon examining the motion, the files, and the record, we agree that no evidentiary hearing was required. Fla.R. Crim.P. 3.850; State v. Zeigler, 488 So.2d 820 (Fla. 1986); Mann v. State, 482 So.2d 1360 (Fla. 1986).
Delap first contends that trial counsel rendered ineffective assistance in failing to adequately cross-examine two key state's witnesses whose testimony allegedly changed dramatically between Delap's first and second trials. Because the testimony in question established the cause and manner of death as strangulation, and therefore established premeditation, it is argued, counsels' failure to point out the inconsistencies crippled the truth-seeking adversarial process and deprived Delap of a fair trial. We disagree.
An examination of the statements in context, we believe, indicates that the testimony given in the two trials was substantially consistent. Additionally, the record at the second trial illustrates an effective impeachment of the testimony complained of. Delap first points, for example, to alleged changes in the testimony of Dr. Schofield, the Okeechobee County Medical Examiner. At Delap's first trial, the witness testified that "I have considered the probable cause of death was by strangulation, but I have no findings to corroborate or sustain it." This testimony reflected Dr. Schofield's findings at the first trial that evidence of both a skull fracture and strangulation existed, and his conclusion that he could not with certainty establish either as the single cause of death.
Contrary to Delap's assertions, we find no inconsistency in his testimony at the second trial. There, he testified that "I think I can present a logical cause of death ... a combination of happenings in this instance." While he did indeed testify that the medical findings were "consistent with strangulation," he had testified in the first trial that certain markings found on the victim's neck were indicative of strangulation. Beyond this lack of inconsistency in Dr. Schofield's testimony, we note that in the second trial the doctor was forced to *1323 repeatedly admit on cross-examination that he could neither be certain nor prove that the death was caused by manual strangulation.
We similarly reject Delap's claims as to the testimony of Lem Brumley, then the state attorney's chief investigator for the Nineteenth Judicial Circuit. Brumley's testimony at the second trial that Delap had confessed to beating and choking the victim to death was preceded by testimony in the first trial that Delap had confessed to subduing the victim by grabbing her neck with his right hand prior to beating her to death. We cannot find that the lack of impeachment as to this aspect of Brumley's testimony prejudiced the defendant, as the finding of strangulation played no part in the balancing of aggravating and mitigating factors set out by the trial court in following the jury's recommendation of death. 440 So.2d at 1254-55. The jury could quite properly have found the "[e]vidence of the victim's kidnapping, her struggle, her pleas for help, and the extremely cruel beating" prior to her death, standing alone, well justified the sentence imposed. We therefore find no violation of Delap's sixth amendment rights.
In his final point, Delap contends that his due process rights were violated by the prosecution's failure to disclose impeachment evidence concerning state's witness Lem Brumley which it did not actually possess. Some time after Delap's conviction, Brumley was tried and convicted on federal charges of participation in an illegal narcotics smuggling conspiracy which had occurred during the time of Delap's trial. Formulating an argument deriving from Brady v. Maryland, 373 U.S. 83, 83 S.Ct. 1194, 10 L.Ed.2d 215 (1963), Delap contends that Brumley's status as a member of the prosecution team requires us to impute knowledge of his criminal wrongdoing to the prosecution in order to find a duty to disclose. We find this argument meritless, and repeat our observation that "[i]n the absence of actual suppression of evidence favorable to an accused ... the state does not violate due process in denying discovery." James v. State, 453 So.2d 786, 790 (Fla.), cert. denied, 469 U.S. 1098, 105 S.Ct. 608, 83 L.Ed.2d 717 (1984), citing Antone v. State, 410 So.2d 157 (Fla. 1982). See also United States v. Luis-Gonzalez, 719 F.2d 1539 (11th Cir.1983).
We therefore affirm the judgment of the trial court denying appellant's motion for post-conviction relief.
It is so ordered.
McDONALD, C.J., and OVERTON, EHRLICH, SHAW and BARKETT, JJ., concur.