WHATLEY, Judge.
The State appeals an order granting Ricky Lee Shriver’s motion for postconviction relief filed pursuant to Florida Rule of Criminal Procedure 3.850. We reverse.
Shriver was charged with burglary of a dwelling with assault or battery and attempted sexual battery on a victim less than twelve years of age. Prior to closing arguments, a judgment of acquittal on the attempted sexual battery charge was entered. However, during closing arguments, the prosecutor quoted the victim’s sister, who testified, “Ricky raped [the alleged victim].” In his motion for postcon-viction .relief, Shriver argued that he received ineffective assistance of counsel due to his counsel’s failure to object, or to request a mistrial, based upon the prosecutor’s closing argument. After an evi-dentiary hearing, the trial court granted Shriver’s motion. We conclude that the prosecutor’s comments were proper, but even if they were not proper, Shriver failed to demonstrate that there was a reasonable probability that the outcome of *159 the trial proceedings would have been different had the comments been stricken.
In order to establish an ineffective assistance of counsel claim, Shriver was required to demonstrate deficient performance by his counsel and that such deficient performance resulted in prejudice to the defense. Strickland v. Washington, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). Here, Shriver’s counsel’s representation was not deficient because the prosecutor’s comments were not improper.
We would first note that the statute under which Shriver was convicted, section 810.02, Florida Statutes (1998), states, “Burglary is a felony of the first degree ... if, in the course of committing the offense, the offender: (a) Makes an assault or battery upon any person.” Therefore, evidence relating to Shriver’s battery of the victim remained relevant, despite the judgment of acquittal as to the sexual battery charge.
Further, evidence of uncharged crimes that are inseparable from or inextricably intertwined with the crime charged is admissible. Griffin v. State, 639 So.2d 966 (Fla.1994). It is admissible because it is a relevant and inseparable part of the act that is in issue. 639 So.2d at 968. In Coolen v. State, 696 So.2d 738 (Fla.1997), the defendant and the victim’s family were outside socializing. At one point when the defendant and the victim’s son were alone, the defendant threatened the victim’s son with a knife. Later that evening, the defendant stabbed the victim to death with a knife. The Florida Supreme Court held that evidence of the aggravated assault was necessary to establish the entire context of the circumstance surrounding the crime. 696 So.2d at 743. Similarly, in the case at bar the evidence of the battery, which occurred during the burglary, established the context of the circumstance surrounding the crime charged.
In addition, the witness’s statement was relevant to prove identity and it was only used to prove identity. The sole issue at trial was the identity of the intruder. The defense argued that the victim’s sister was not sure if Shriver was the intruder. The prosecutor argued that the witness’s first statement immediately after the intruder left was, “Ricky raped [the alleged victim],” identifying Shriver as the intruder. The prosecutor argued that, because the statement was made immediately after observing the intruder, the identification was very reliable.
Since identification was the only issue at trial, the prosecutor’s argument could not have confused the jury. The prosecutor never attempted to argue that a sexual battery had occurred. Further, the victim’s sister never testified that she witnessed a sexual battery. Her statement was an excited utterance the nine-year-old made to her mother right after the incident. The prosecutor only argued that such statement established identity.
Shriver has also failed to establish the second prong of the Strickland test, as he failed to demonstrate that there was a reasonable probability that the outcome of the trial proceedings would have been different had the court cured the error.[1] “The comments could not be construed to cause substantial harm or cause material prejudice and thus would not have constituted reversible error.” Mann v. State, 482 So.2d 1360, 1361 (Fla.1986). Shriver was positively identified by the victim and *160 her sister. Therefore, there was not a reasonable probability that the outcome of the trial proceedings would have been different had the court cured the alleged error.
Accordingly, we reverse the order granting Shriver’s motion for postconviction relief.
Reversed.
PARKER, A.C.J., and RONDOLINO, ANTHONY, Associate Judge, Concur.

. The trial judge who granted Shriver’s motion for postconviction relief did not preside over his trial.