MARTIN, Circuit Judge,
concurring in part and dissenting in part:
Larry Mann has another case pending in this court, in which he appealed from the denial of his motion brought pursuant to Federal Rule of Civil Procedure 60(b). I dissented from the denial of a certificate of appealability in that case. See Larry Eugene Mann v. Michael W. Moore, No. 13-11322 (11th Cir. April 8, 2013). I write now with regard to the separate issues raised by Mr. Mann in this appeal of the District Court’s denial of relief pursuant to 42 U.S.C. § 1983.
First, Mr. Mann applies for a stay of execution based on his challenge to the lethal injection procedures implemented by the State of Florida. I concur in the result reached by the majority on that claim. This Court’s binding precedent compels the conclusion that Mr. Mann has not shown a likelihood of success on the merits based on the claim he presented. See, e.g., Ferguson v. Warden, Fla. State Prison, et al., 493 Fed.Appx. 22 (11th Cir.2012) (per curiam) (affirming denial of stay in § 1983 case challenging Florida’s lethal injection protocol); DeYoung v. Owens, 646 F.3d 1319 (11th Cir.2011); Powell v. Thomas, 641 F.3d 1255 (11th Cir.2011) (per curiam); Valle v. Singer, 655 F.3d 1223 (11th Cir.2011) (per curiam); see also Baze v. Rees, 553 U.S. 35, 128 S.Ct. 1520, 170 L.Ed.2d 420 (2008).
However, I do not agree with the majority ruling regarding Mr. Mann’s attempt to amend his § 1983 complaint to include a claim that the State arbitrarily denied him access to his clemency proceedings. Specifically, I do not share the majority’s confidence that the District Court properly denied Mr. Mann the opportunity to amend his complaint because the claim was futile. Mr. Mann filed his § 1983 complaint on March 8, 2013, see Doc. 1, and nine days later filed a motion to amend his complaint to include his clemency claim, see Doc. 16. Under Federal Rule of Civil Procedure 15(a), Mr. Mann was entitled to amend his pleading “once as a matter of course within ... 21 days after serving it.” Fed.R.Civ.P. 15(a)(1)(A).
If Mr. Mann had been allowed to amend his complaint, we would necessarily consider the Supreme Court’s decision in Ohio Adult Parole Authority v. Woodard, which rejected the principle that “because clemency is committed to -the discretion of the executive, the Due Process Clause provides no constitutional safeguards.” 523 U.S. 272, 288, 118 S.Ct. 1244, 1253, 140 L.Ed.2d 387 (1998) (O’Connor, J., concurring in part and concurring in the judgment). We know some minimal due process applies to clemency proceedings from Justice O’Connor’s concurring opinion in Woodard, which we view as the holding of the Court:[1] “A prisoner under a death sentence remains a living person and con *1318 sequently has an interest in his life.” Id. As Justice O’Connor explained:
[Although it is true that “pardon and commutation decisions have not traditionally been the business of courts,” and that the decision whether to grant clemency is entrusted to the Governor under Ohio law, I believe that the Court of Appeals correctly concluded that some minimal procedural safeguards apply to clemency proceedings. Judicial intervention might, for example, be warranted in the face of a scheme whereby a state official flipped a coin to determine whether to grant clemency, or in a case where the State arbitrarily denied a prisoner any access to its clemency process.
Id. at 289, 118 S.Ct. at 1254 (O’Connor, J, concurring in part and concurring in the judgment) (second emphasis added) (internal citation omitted). I fully recognize that the contours of what “minimal procedural safeguards” are sufficient to satisfy due process — beyond coin flipping and denying “a prisoner any access to its clemency process” — have not been established since Woodard. Id. But it is the latter phrase that gives me pause here.
The due process issue in Mr. Mann’s case is unusual because his 1985 clemency proceeding related to the same underlying conviction, but to a different sentence of death.[2] On the one hand, it appears that Mr. Mann was provided a clemency investigation in 1985 that included notice, representation by counsel, and an opportunity to be heard. On the other hand, Mr. Mann claims he has never had a clemency proceeding on the now pertinent death sentence, imposed in 1990 after he had been resentenced by a newly empaneled jury. See Mann, 603 So.2d 1141. More specifically, Mr. Mann tells us that “[njeither [he], nor his counsel, were advised that the Governor had conducted an updated clemency investigation and clemency proceedings” before the Governor signed his current death warrant on March 1, 2013. Doc. 16 at 5. Further, Mr. Mann says that he was denied all access to any records of the clemency proceedings conducted prior to his March 1, 2013 warrant; counsel was not appointed; and he was not given any notice of the proceedings or opportunity to be heard. Id. at 5-7.
I understand Mr. Mann to be arguing that he has arbitrarily been denied any access to Florida’s clemency process for the specific sentence of death set to be carried out this week. As I mentioned, this argument gives me pause. That is because the Supreme Court has acknowledged that clemency proceedings have an important role to play in the administration of the death penalty. See Harbison v. Bell, 556 U.S. 180, 194, 129 S.Ct. 1481, 1491, 173 L.Ed.2d 347 (2009) (holding that the Criminal Justice Act, 18 U.S.C. § 3559(e) authorizes federally appointed counsel to represent death row prisoners in state clemency proceedings); id. at 192, 129 S.Ct. at 1490 (“Far from regarding clemency as a matter of mercy alone, we have called it the fail safe in our criminal justice system.”) (quotation marks omitted); Herrera v. Collins, 506 U.S. 390, *1319 411-12, 113 S.Ct. 853, 866, 122 L.Ed.2d 203 (1993) (recognizing that “[e]lemency is deeply rooted in our Anglo-American tradition of law, and is the historic remedy for preventing miscarriages of justice where judicial process has been exhausted”) (footnote omitted).
Given what I know of the facts underlying Mr. Mann’s clemency claim, I am not prepared to say that it is futile. At the same time, without full briefing, and full development of the issues in the District Court, it is hard to know Mr. Mann’s likelihood of success on the merits, and such a finding is required to support a stay of execution. See DeYoung, 646 F.3d at 1324 (stating a court may only grant a stay of execution if the moving party shows he has a “substantial likelihood of success on the merits”) (quotation marks omitted). Because “a stay of execution is an equitable remedy,” Hill v. McDonough, 547 U.S. 573, 584, 126 S.Ct. 2096, 2104, 165 L.Ed.2d 44 (2006), and Mr. Mann will certainly suffer irreparable injury if his execution is carried out, I would proceed with caution by issuing a temporary stay that allowed for full and fair briefing so the parties could more adequately address the problematic and troublesome issues presented by this appeal.
For these reasons, I respectfully concur in part and dissent in part from the opinion of the majority.

. See United States v. Lawson, 686 F.3d 1317, 1321 n. 2 (11th Cir.2012) ("Generally, when a Supreme Court decision lacks a majority opinion, 'the holding of the Court may be viewed as that position taken by those Members who concurred in the judgments on the narrowest grounds.’ ”) (quoting Marks v. United States, 430 U.S. 188, 193, 97 S.Ct. 990, 993, 51 L.Ed.2d 260 (1977)).

. A clemency hearing was conducted in 1985, the same year that Mr. Mann's direct appeal became final. See Mann v. Florida, 469 U.S. 1181, 105 S.Ct. 940, 83 L.Ed.2d 953 (1985). The Governor of Florida denied clemency and signed Mr. Mann's first death warrant on January 7, 1986. Mr. Mann unsuccessfully sought collateral relief in state court. See Mann v. State, 482 So.2d 1360 (Fla.1986). The District Court denied relief as well, but this Court reversed, vacated Mr. Mann’s death sentence, and Mr. Mann received a resentencing hearing before a newly empaneled jury. Mann v. Dugger, 844 F.2d 1446 (11th Cir.1988) (en banc). Mr. Mann was again sentenced to death and that death sentence was affirmed on direct appeal. Mann v. State, 603 So.2d 1141 (Fla.1992).