770 So.2d 1158 (2000)
Larry Eugene MANN, Appellant,
v.
STATE of Florida, Appellee.
No. SC94885.
Supreme Court of Florida.
September 28, 2000.
Rehearing Denied October 31, 2000.
*1159 John W. Moser, Capital Collateral Regional Counsel, Julius J. Aulisio, Assistant CCRC, and Leslie A. Scalley, Staff Attorney, *1160 of Capital Collateral Regional Counsel-Middle Region, Tampa, Florida, for Appellant.
Robert A. Butterworth, Attorney General, and Carol M. Dittmar, Assistant Attorney General, Tampa, Florida, for Appellee.
PER CURIAM.
Larry Eugene Mann, a prisoner under sentence of death, appeals the circuit court's denial of his motion for postconviction relief filed pursuant to Florida Rule of Criminal Procedure 3.850. We have jurisdiction. See art. V, § 3(b)(1), Fla. Const. We affirm the circuit court's denial.

I. PROCEDURAL HISTORY
Mann was convicted in 1982 of kidnapping and first-degree murder in the death of ten-year-old Elisa Nelson and was sentenced to death. The facts of the case are further set forth in our opinion on Mann's first direct appeal. See Mann v. State, 420 So.2d 578 (Fla.1982). This Court affirmed the conviction but remanded for resentencing. See id. On remand, the circuit court again sentenced Mann to death, and this Court affirmed. Mann v. State, 453 So.2d 784 (Fla.1984). After the signing of his death warrant in 1986, Mann filed a motion for postconviction relief with the circuit court and a petition for writ of habeas corpus with this Court. This Court affirmed the circuit court's denial of relief and denied the habeas petition. See Mann v. State, 482 So.2d 1360 (Fla.1986). Mann received a stay of execution in the federal system, and the circuit court of appeal eventually decided that his jury had been misinformed as to its role in sentencing and directed that he be resentenced. See Mann v. Dugger, 844 F.2d 1446 (11th Cir. 1988). After that resentencing, in which Mann was again sentenced to death, this Court affirmed Mann's sentence on appeal. See Mann v. State, 603 So.2d 1141 (Fla. 1992).
On July 7, 1997, Mann filed a motion for postconviction relief challenging his convictions and sentence of death. The circuit judge issued an order on July 29, 1998, denying the majority of Mann's claims and ordering that an evidentiary hearing be held concerning Mann's claim that counsel was ineffective for presenting evidence of Mann's pedophilia as mitigation during the penalty phase. After the evidentiary hearing, the circuit court issued an order denying Mann relief. Mann now appeals that order.

II. ISSUES ON APPEAL
In this appeal, Mann raises ten issues.[1] We find five to be procedurally barred,[2] *1161 and the remaining issues to be without merit for the following reasons.
Mann first argues that defense counsel was ineffective at the penalty phase for presenting evidence that Mann is a pedophile. Mann claims that counsel was aware of the stigma attached to pedophilia and that no reasonable attorney would offer pedophilia in mitigation in a case with a child victim and no physical indication of sexual assault.
In order to prevail on an ineffective assistance of counsel claim, the defendant must show that counsel's performance was deficient and that the deficiency prejudiced the defense. See Strickland v. Washington, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). To prevail on an ineffective assistance of counsel claim during the penalty phase, the defendant must show that, but for counsel's errors, a life sentence would probably have been imposed. See Hildwin v. Dugger, 654 So.2d 107, 109 (Fla. 1995). Mann has not met this burden.
In its order denying relief on this issue, the circuit court found that defense counsel's decision to introduce pedophilia as a mitigator was a tactical and strategic decision. At the evidentiary hearing, defense counsel testified as follows:
Q. Was the decision to put on mental mitigation a tactical or strategic decision that you made?
A. Sure, it was. We spent a lot of time discussing whether or not that was a good idea or a bad idea. What were the pros and what were the cons.
You know, was that stuff [pedophilia] going to come out or not come out, so yeah, we discussed it. We went over it and when we made the decision to do it. I could be questioned either way with regard to whether or not it was right or wrong to do it, but we did discussed [sic] it and we made the decision that we thought that it was necessary and that we felt that in some way it would be helpful to put in the mental mitigation that was there that we had to offer to the jury.
Q. You didn't have the option of picking another diagnosis other than the pedophilia so that was pretty much
A. I'm not aware of any other diagnosis other than, of course, Dr. Wayland, who had the opinion that it was a personality disorder as opposed to anything that ever rose to the level of mental mitigation, but no, of the other doctors that had seen him there was no other route for me to go.
If you are suggesting brain damage or something like that, no, I was aware that that did not exist based on the prior examinations.
The record demonstrates that defense counsel considered other ways in which mental mitigation could have been presented and made a tactical decision to present evidence of Mann's pedophilia. As this Court has held, "Strategic decisions do not constitute ineffective assistance if alternative courses of action have been considered and rejected." State v. Bolender, 503 So.2d 1247, 1250 (Fla.1987). We find that defense counsel's decision to introduce evidence of Mann's pedophilia was strategic and not "outside the broad range of reasonably competent performance under prevailing professional standards." Maxwell v. Wainwright, 490 So.2d 927, 932 (Fla. 1986). After much thought and evaluation, defense counsel determined that the evidence of Mann's pedophilia was necessary to establish mental mitigation. Based on this evidence, the circuit court found in mitigation that "Mann suffered from psychotic depression and feelings of rage against himself because of strong pedophilic urges." Mann, 603 So.2d at 1142. *1162 Mann has not demonstrated that counsel's performance was below the Strickland standard. Thus, relief was properly denied on this issue.
Mann next argues that the circuit court erred in failing to grant an evidentiary hearing concerning Mann's other claims of ineffective assistance of counsel. A court must grant an evidentiary hearing on a postconviction claim of ineffective assistance of counsel if the motion contains specific facts that are not conclusively rebutted by the record and that demonstrate a deficiency in counsel's performance that prejudiced the defendant. See Thompson v. State, 759 So.2d 650 (Fla.2000). When reviewing a court's summary denial, this Court must accept the defendant's factual allegations as true to the extent they are not rebutted by the record. See id.
Mann claims that counsel was ineffective during the penalty phase for failing to: investigate the possibility of brain damage and Mann's history of substance abuse as mitigating factors; challenge Mann's prior conviction; effectively cross-examine a witness; document the presence of a victim rights organization at Mann's resentencing; object to improper closing argument; and, object to improper jury instructions concerning the aggravating circumstance of prior violent felony.
The record conclusively rebuts Mann's claim that counsel failed to adequately investigate and present available mitigation concerning the possibility of brain damage or the effects of Mann's history of substance abuse. Dr. Carbonel affirmatively stated at the resentencing that she performed a series of neuropsychological tests that indicated that Mann was not brain-damaged. As set forth above, defense counsel also indicated at the evidentiary hearing concerning Mann's pedophilia that brain damage had been ruled out by other experts who had examined Mann.
At the resentencing, Carbonel testified that she performed various tests based on Mann's history of serious alcohol and substance abuse. She described Mann as a "polysubstance abuser," a "very serious substance abuser." Carbonel also testified that Mann was under the influence of extreme mental or emotional disturbance when he committed the murder[3] and that his capacity to appreciate the criminality of his conduct or to conform his conduct to the requirements of law was substantially impaired,[4] which was due in part to Mann's history of substance abuse. Based on this evidence, the circuit judge found in mitigation Mann "had a long history of alcohol and drug dependency." Mann, 603 So.2d at 1142. Thus, it is clear that the expert hired by defense counsel considered Mann's history of substance abuse and its effects.
The record also conclusively refutes Mann's claim that counsel failed to adequately challenge his previous conviction for a violent felony in Mississippi. The record reflects that counsel challenged the prior conviction by objecting to its admissibility, arguing that it was the result of an unconstitutionally vague statute, that Mann received ineffective assistance of counsel, that it was in violation of double jeopardy, based on an unconstitutionally unreliable identification, and that it was not properly a conviction for a prior violent crime. Our review of the record also indicates that defense counsel adequately cross-examined the victim of Mann's prior violent felony. Thus, the circuit court properly denied Mann an evidentiary hearing on this matter.
Mann's next subclaim in this issue is that an evidentiary hearing should have been granted to determine whether counsel was ineffective for failing to more vigorously cross-examine Fred Daniels about his knowledge of Mann's drinking habits. Daniels testified at Mann's resentencing *1163 that Mann appeared sober the morning of the murder. The cross-examination was as follows:
Q. Sir, in all the times that you have known Mr. Mann when he lived in that neighborhood, he always acted the same to you. You testified that he didn't appear any different that day than any other day when you saw him. Is that right?
A. That's right.
Q. You were aware of the fact, were you, sir, that Mr. Mann was quite a big drinker at the time that he lived in your neighborhood?
A. No. I'm not aware that he is a drinker of any kind. I know he has a beer occasionally, that I do know.
Q. You didn't know about him going out and drinking all day long and not going to work?
A. No.
Q. You didn't know about him coming home late at night?
A. I don't know where he is when he comes home at night.
Q. All the times when you saw him he was the same?
A. He was sober.
Q. That's not what you stated earlier. You said he appeared to be the same, not sober?
[THE STATE]: That's argumentative
THE COURT: Sustained.
Q. You used the term "sober," sir. But my question is: "He appeared to be the same way the morning you saw him of the homicide as well as any other time you saw him"
A. That's correct.
Q. And you were not aware of his drinking habits then, are you?
A. I'm not aware of his drinking habits, no.
Contrary to Mann's assertions, defense counsel attempted to elicit from Daniels that he could not distinguish Mann's intoxicated and sober behavior. Thus, Mann's request for an evidentiary hearing was properly denied.
Mann's claim that counsel failed to document the presence of a victims' rights organization is also without merit. While not formally objecting to their presence, defense counsel discussed the victims' rights group and its name tags and asked that the group be kept separate from jurors. The circuit judge asked that the sheriffs staff watch carefully to make sure no members of the group approached the jurors. Defense counsel again raised the issue later in the trial, complaining that the group had been talking and groaning during the presentation of one of the defense's witnesses but also noting that the group had "been great" until that incident. Because Mann has not shown any deficiency in counsel's performance, the evidentiary hearing was properly denied. See Valle v. State, 705 So.2d 1331 (Fla.1997) (finding similar conduct not ineffective).
Mann's final subclaim in this issue, that counsel was ineffective for failing to object to the prior violent felony instruction, is procedurally barred because it was decided adversely to Mann on direct appeal and is now being recast as a claim of ineffective assistance. See Mann, 603 So.2d at 1143. Thus, summary denial of this claim was proper. See Cherry v. State, 659 So.2d 1069, 1072 (Fla.1995).
Mann's next issue is that the circuit judge erred in denying an evidentiary hearing concerning Mann's claim that counsel was ineffective for failing to object to the extensive prosecutorial misconduct throughout the trial and closing. Our review of the record indicates that defense counsel did object to several of the comments Mann claims to be improper. Additionally, the bulk of Mann's claim in this issue relates to the prosecutor's comments concerning Mann's pedophilia. Defense counsel not only objected to these comments, but this issue was decided adversely to Mann on direct appeal, see Mann, 603 So.2d at 1143, and is now improperly *1164 recast as an ineffective assistance of counsel claim. See Cherry, 659 So.2d at 1072. We find that counsel's failure to object to the remaining comments that Mann claims were improper does not demonstrate a deficiency that prejudiced Mann. Thus, the circuit court properly denied relief on this issue.
Mann next argues that an evidentiary hearing should have been granted concerning his claim that he was denied his right to effective mental health assistance as required under Ake v. Oklahoma, 470 U.S. 68, 105 S.Ct. 1087, 84 L.Ed.2d 53 (1985). Ake requires that a defendant have access to a "competent psychiatrist who will conduct an appropriate examination and assist in evaluation, preparation, and presentation of the defense." Id. at 83, 105 S.Ct. 1087.
The record reveals that Carbonel performed an extensive evaluation of Mann that included neuropsychological testing based on his history of serious alcohol and substance abuse and his history of head injury. Carbonel testified that, in addition to interviewing Mann, she reviewed numerous documents including affidavits from family members, Mann's childhood health records, records from correctional institutions, hospital records, and expert testimony from prior proceedings. Carbonel also testified that she did a lengthy psychological evaluation of Mann and conducted various tests including a Minnesota Multiphasic Personality Inventory (MMPI) and a Wechsler Adult Intelligence Scale test, among others. Based on this evaluation, Carbonel was able to testify to the existence of the two statutory mental mitigators.
The record demonstrates that Mann's expert performed all the essential tasks required by Ake. Thus, Mann's request for an evidentiary hearing was properly denied.
Mann's final argument is that cumulative error resulted in an unfair trial. All of Mann's claims were either meritless or procedurally barred; therefore, there was. no cumulative effect to consider. See Melendez v. State, 718 So.2d 746, 749 (Fla. 1998).

III. CONCLUSION
Based on the foregoing, we affirm the circuit court's denial of Mann's rule 3.850 motion.
It is so ordered.
WELLS, C.J., and SHAW, HARDING, PARIENTE and LEWIS, JJ., concur.
ANSTEAD, J., concurs in result only.
QUINCE, J., recused.
NOTES
[1] Mann alleges that: (1) the circuit court erred in denying Mann's claim that counsel was ineffective for presenting evidence of Mann's pedophilia; (2) the circuit court erred in denying Mann's request for an evidentiary hearing on the remaining ineffective assistance claims; (3) the circuit court erred in denying an evidentiary hearing concerning Mann's claim that counsel was ineffective for failing to object to the extensive prosecutorial misconduct; (4) the circuit court erred in denying Mann an evidentiary hearing concerning the consideration of nonstatutory aggravating circumstances; (5) the circuit court erred in denying an evidentiary hearing concerning Mann's claim that the court refused to find mitigation that was established by the evidence; (6) the circuit court erred in dismissing without an evidentiary hearing Mann's claim that the rules prohibiting juror interviews are unconstitutional; (7) the circuit court erred in denying an evidentiary hearing concerning Mann's claim that section 921.141(5), Florida Statutes, is unconstitutionally vague and overbroad; (8) the circuit court erred in denying an evidentiary hearing regarding Mann's claim that he was denied his right to effective mental heath assistance as required under Ake v. Oklahoma, 470 U.S. 68, 105 S.Ct. 1087, 84 L.Ed.2d 53 (1985); (9) the circuit court erred in failing to grant an evidentiary hearing concerning Mann's claim that the State unconstitutionally commented on Mann's right to remain silent; and (10) cumulative error resulted in an unfair trial.
[2] Issues four and nine are procedurally barred because they were raised and decided adversely to Mann on direct appeal, see Mann, 603 So.2d at 1142-43, and are now improperly recast as ineffective assistance of counsel claims. See Cherry v. State, 659 So.2d 1069 (Fla.1995). The following claims are procedurally barred because they could have been but were not raised on direct appeal: claim five, see Harvey v. Dugger, 656 So.2d 1253, 1256 (Fla.1995); claim six, see Young v. State, 739 So.2d 553, n. 5 (Fla.1999); and claim seven, see Teffeteller v. Dugger, 734 So.2d 1009, 1016 (Fla.1999); Thompson v. State, 759 So.2d 650 (Fla.2000).
[3] See § 921.141(6)(b), Fla. Stat. (1999).
[4] See § 921.141(6)(f), Fla. Stat. (1999).