792 So.2d 447 (2001)
Freddie Lee HALL, Petitioner,
v.
Michael M. MOORE, Respondent.
No. SC00-1599.
Supreme Court of Florida.
May 10, 2001.
Rehearing Denied August 15, 2001.
*448 Eric C. Pinkard, Assistant CCRC, Capital Collateral Regional CounselMiddle Region, Tampa, FL, for Petitioner.
Robert A. Butterworth, Attorney General, and Robert J. Landry, Assistant Attorney General, Tampa, FL, for Respondent.
PER CURIAM.
Freddie Lee Hall, a prisoner under sentence of death, petitions this Court for a writ of habeas corpus. We have jurisdiction. See art. V, § 3(b)(9), Fla. Const. For the reasons that follow, we deny habeas relief.

BACKGROUND
Hall and an accomplice, Mack Ruffin, were convicted in separate trials of the 1978 abduction and murder of a young woman. Hall was sentenced to death and this Court affirmed his conviction and sentence on direct appeal. See Hall v. State, 403 So.2d 1321, 1323 (Fla.1981). The facts of this crime are set forth in detail in that opinion. See id. Following the signing of Hall's first death warrant in 1982, Hall filed a motion for postconviction relief pursuant to rule 3.850 of the Florida Rules of Criminal Procedure. This Court affirmed the circuit court's denial of that motion and denied Hall's petition for a writ of habeas corpus. See Hall v. State, 420 So.2d 872, 874 (Fla.1982). A federal district court granted a temporary stay of execution but eventually denied relief. See Hall v. Wainwright, 565 F.Supp. 1222, 1244 (M.D.Fla.1983). The Eleventh Circuit Court of Appeals affirmed in part and reversed in part the district court's decision and remanded the case for an evidentiary hearing. See Hall v. Wainwright, 733 F.2d 766, 778 (11th Cir.1984). Following the evidentiary hearing, the district court again denied relief, and the Eleventh Circuit affirmed. See Hall v. Wainwright, 805 F.2d 945, 948 (11th Cir.1986). Hall then petitioned this Court for a writ of habeas corpus, which was denied. See Hall v. Dugger, 531 So.2d 76, 78 (Fla. 1988). A second death warrant was signed, and Hall filed his second rule 3.850 motion, which the circuit court denied. On appeal, this Court considered additional non-record facts and ordered that Hall be resentenced because of an error in sentencing based on Hitchcock v.. Dugger, 481 U.S. 393, 107 S.Ct. 1821, 95 L.Ed.2d 347 (1987). See Hall v. State, 541 So.2d 1125, 1128 (Fla.1989). Hall was again sentenced to death, and this Court affirmed. See Hall v. State, 614 So.2d 473 (Fla.1993). Hall then filed another rule 3.850 motion, and this Court affirmed the circuit court's denial of that motion. See Hall v. State, 742 So.2d 225 (Fla.1999). This petition for writ of habeas corpus followed.
Hall first argues that his appellate counsel committed fundamental error for failing to argue on direct appeal that Hall is mentally retarded and that his execution would be unconstitutional. Essentially, Hall is arguing that appellate counsel was ineffective for failing to raise the issue. With regard to claims of ineffective assistance of appellate counsel, this Court has held that a defendant must demonstrate that appellate counsel was deficient in *449 pursing the direct appeal in breach of the standard for counsel set forth in Strickland v. Washington, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984), and that, if there was a deficiency, the deficiency was prejudicial so that it undermined confidence in the correctness of the result. See Wilson v. Wainwright, 474 So.2d 1162, 1163 (Fla.1985). This Court has also cautioned that habeas is not to be used to relitigate issues that have been determined in a prior appeal. See Thompson v. State, 759 So.2d 650, 657 n. 6 (Fla.2000).
At the time of Hall's direct appeal, the United States Supreme Court had held in Penry v. Lynaugh, 492 U.S. 302, 109 S.Ct. 2934, 106 L.Ed.2d 256 (1989), that no constitutional bar existed that prevented the execution of the mentally retarded. As noted in a case following Hall's direct appeal, this Court opted to follow the approach suggested in Penry and treat evidence of mental retardation as a significant mitigating factor. See Thompson v. State, 648 So.2d 692 (Fla.1994). Furthermore, as noted by Hall, Justice Barkett extensively detailed the issue of the constitutionality of executing the mentally retarded in her opinion dissenting from the majority's affirmance of Hall's death sentence. See Hall, 614 So.2d at 479-82 (Barkett, C.J., dissenting). The issue was again discussed in Justice Anstead's opinion specially concurring in the majority's affirmance of the circuit court's denial of Hall's 3.850 motion. See Hall v. State, 742 So.2d at 230-33 (Anstead, J., specially concurring). Thus, it is clear that Hall's mental capacity has been a focal issue in the various proceedings in this case, including the direct appeal. This Court has considered and rejected this issue. Thus, this issue is not an issue upon which relief can be granted on this habeas petition. See Thompson, 759 So.2d at 657 n. 6.
Hall next argues that appellate counsel was ineffective by failing to argue on appeal that the circuit court's finding that Hall was the leader of the criminal acts committed by Hall and the codefendant Ruffin was not supported by the evidence. However, we find that appellate counsel did substantially make this claim. The record shows that in contending the cold, calculated, and premeditated aggravator[1] did not apply, appellate counsel argued that there was no evidence that Hall encouraged Ruffin to kill the victim. Also, in respect to the trial judge's rejection of the proposed mitigating factor that Hall's participation in the murder was relatively minor, appellate counsel contended that there was no competent evidence supporting the finding that Hall goaded Ruffin into killing the victim. This Court has held that "if an issue was actually raised on direct appeal, the Court will not consider a claim that appellate counsel was ineffective for failing to raise additional arguments in support of the claim." Rutherford v. Moore, 774 So.2d 637, 645 (Fla.2000).
Hall also now argues in his habeas petition that appellate counsel was ineffective in failing to argue in the appeal that the pretrial deposition testimony of Detective Bernard Bishop contradicted the trial judge's findings on this issue. This deposition testimony is not part of the trial record as evidence presented at trial. We reject this issue because such a claim concerning the failure to present evidence at trial is a claim concerning the effectiveness of trial counsel which is properly raised in *450 a rule 3.850 motion and is not a claim concerning the effectiveness of appellate counsel, which is the sole subject of this habeas petition.
Hall argues as his third issue that appellate counsel was ineffective for failing to argue that it was error to use Hall's 1968 conviction for assault with intent to commit rape as an aggravating circumstance because the conviction was obtained in a racist atmosphere and in violation of Hall's constitutional rights. This Court has noted that counsel cannot be deemed ineffective for failing to raise a meritless issue on appeal. See id. at 643. At the time of Hall's appeal, this Court had held that a defendant's allegations concerning the unconstitutionality of a prior conviction were not cognizable if that conviction had not been set aside. See Bundy v. State, 538 So.2d 445, 447 (Fla.1989); Eutzy v. State, 541 So.2d 1143, 1146 (Fla.1989). Thus, the failure of appellate counsel to raise this issue does not render counsel's performance ineffective.
We also deny Hall's request to postpone ruling on this claim until a decision is made with regard to a possible review of Hall's prior conviction. We have rejected this suggested procedure. See Eutzy, 541 So.2d at 1143.
Hall next argues that it would violate the Eighth Amendment's prohibition against cruel and unusual punishment to execute Hall, who may be incompetent at the time of execution. Hall concedes that this issue is premature and that he cannot legally raise the issue of his competency to be executed until after a death warrant is issued.[2] We agree and find this claim to be without merit.
For the reasons expressed in this opinion, we deny habeas relief.
It is so ordered.
WELLS, C.J., and HARDING and LEWIS, JJ., concur.
SHAW, ANSTEAD and PARIENTE, JJ., concur in result only.
QUINCE, J., recused.
NOTES
[1] In evaluating what sentence is appropriate for the commission of a capital felony, section 921.141(5)(i), Florida Statutes (2000), provides that the fact that a murder "was committed in a cold, calculated and premeditated manner without any pretense of moral or legal justification," can be considered in aggravation.
[2] Fla. R.Crim. P. 3.811(c) provides:

Stay of Execution. No motion for a stay of execution pending hearing, based on grounds of the prisoner's insanity to be executed, shall be entertained by any court until such time as the Governor of Florida shall have held appropriate proceedings for determining the issue pursuant to the appropriate Florida Statutes.