794 So.2d 595 (2001)
Larry MANN, Petitioner,
v.
Michael W. MOORE, etc., et al., Respondents.
No. SC00-2602.
Supreme Court of Florida.
July 12, 2001.
Rehearing Denied September 5, 2001.
*597 Julius J. Aulisio, Assistant CCRC, and Leslie Anne Scalley, Staff Attorney, Capital Collateral Regional CounselMiddle, Tampa, FL, for Petitioner.
Robert A. Butterworth, Attorney General, and Carol M. Dittmar, Assistant Attorney General, Tampa, FL, for Respondent.
PER CURIAM.
Larry Mann petitions this Court for a writ of habeas corpus. We have jurisdiction. See art. V, § 3(b)(9), Fla. Const. We deny the petition.
Mann was convicted in 1982 and sentenced to death for the kidnaping and first-degree murder of ten-year old Elisa Nelson. The facts are more fully set forth in our opinion on Mann's first direct appeal. See Mann v. State, 420 So.2d 578 (Fla.1982). The extensive procedural history of this case is briefly summarized in our latest opinion, where we denied Mann's rule 3.850 motion. See Mann v. State, 770 So.2d 1158, 1160 (Fla.2000). In this habeas, Mann raises five issues[1] and *598 the State raises one.[2] We address the State's argument first.
The State argues that Florida Rule of Appellate Procedure 9.140(b)(6)(E)[3] operates to bar Mann's petition.[4] That rule provides that all petitions for habeas corpus filed by individuals attacking their death-sentences must be filed simultaneously with the filing of the initial brief appealing the trial court's denial of a rule 3.850 motion. Florida Rule of Criminal Procedure 3.851(b)(2) contains a provision which mirrors the simultaneous filing requirement of rule 9.140(b)(6)(E). In Robinson v. Moore, 773 So.2d 1, 2 n. 1 (Fla.2000), we stated that rule 3.851(b)(2), by virtue of rule 3.851(b)(6), does not apply to defendants whose convictions and sentences were final as of January 1, 1994.[5]
We acknowledge that the committee notes from the 1996 revision to rule 9.140 indicate that rule 3.851(b)(2) would stand repealed on January 1, 1997, upon the adoption of rule 9.140(b)(6)(E).[6] We also acknowledge that Florida Rule of Judicial Administration 2.135 provides that the Florida Rules of Appellate Procedure control all proceedings in this Court when there is a conflict in any of rules of procedure. Thus, the exception to prisoners convicted and sentenced before January 1, 1994, created by rule 3.851(b)(6) no longer applies. However, rule 3.851(b)(2) has not been deleted from the published rule 3.851, upon which practitioners rely. Given this failure to delete 3.851(b)(2) and our decision in Robinson, we believe that there has been sufficient confusion in practical application that to bar a habeas petition brought in reliance upon rule 3.851(b)(2) continuing to apply to death-row prisoners convicted and sentenced before January 1, 1994, would be unjust. Thus, we do not bar Mann's petition under rule 9.140(b)(6)(E), BUT WE DO ANNOUNCE THAT IN CAPITAL POSTCONVICTION LITIGATION, EFFECTIVE JANUARY 1, 2002, all petitions for extraordinary relief, including habeas corpus petitions, must be filed simultaneously with the initial brief appealing the denial of a rule 3.850 motion. See Fla. R.App. P. 9140(b)(6)(E). We hold that the simultaneous filing requirement in rule 9.140(b)(6)(E) and 3.851(b)(2) does apply to defendants whose convictions and sentences were finalized prior to January 1, 1994, notwithstanding the provision of rule 3.851(b)(6). By this holding, we recede on this sole point from our contrary holding in Robinson v. Moore, 773 So.2d 1, 2 n. 1 (Fla.2000).
The State also argues that McCray v. State, 699 So.2d 1366, 1368 (Fla.1997), authorizes *599 a court to apply laches to bar a habeas petition filed more than five years after a conviction became final. However, McCray involved an individual who was serving a life sentence but was not under a sentence of death and is therefore distinguishable. We decline to apply laches to bar Mann's habeas petition because we find that Mann's reliance on rule 3.851(b)(2) in this case was not unreasonable. As we have declined the State's invitation to bar Mann's habeas petition, we must now address Mann's claims.
Mann's first claim is that the death sentence is unconstitutional as applied to him in light of the Supreme Court's decision in Apprendi v. New Jersey, 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000). Mann argues that at the time of his penalty phase, the maximum sentence under section 775.082, Florida Statutes (1989), was life in prison without the possibility for parole for twenty-five years. Mann further argues that Apprendi requires aggravators to be charged in the indictment and submitted to the jury for its determination beyond a reasonable doubt. Mann alleges that his appellate counsel was ineffective for failing to raise this issue on direct appeal along with the trial court's denial of Mann's request that the jury's recommendation of death be unanimous.
This Court recently rejected the argument that Apprendi applied to capital sentencing schemes. See Mills v. Moore, 786 So.2d 532, 536 (Fla.2001), cert. denied, ___ U.S. ___, 121 S.Ct. 1752, 149 L.Ed.2d 673 (2001). In Mills, we also rejected the argument that the maximum penalty under section 775.082(1), Florida Statutes (1979), was life in prison without the possibility of parole for twenty-five years. See id. at 536. Instead, we wrote that "[t]he plain language of section 775.082(1) is clear that the maximum penalty available for a person convicted of a capital felony is death." Id. The 1989 version of section 775.082(1) argued by Mann is identical to the 1979 version. Thus, Mann's Apprendi arguments are without merit.
We also find no merit in Mann's other arguments alleging ineffective assistance of appellate counsel regarding appellate counsel's failure to raise as appellate points the necessity of charging the aggravators in the indictment and the necessity of requiring a unanimous jury recommendation. At the time of his direct appeal, this Court, as we still do today, routinely rejected these arguments. See e.g., Medina v. State, 466 So.2d 1046, 1048 n. 2 (Fla.1985) (State need not provide notice concerning aggravators); James v. State, 453 So.2d 786, 792 (Fla.1984), cert. denied, 469 U.S. 1098, 105 S.Ct. 608, 83 L.Ed.2d 717 (1984) (rejecting argument that jury verdict recommending death must be unanimous). Appellate counsel cannot be ineffective for not raising on appeal an issue with little or no merit. See Rutherford v. Moore, 774 So.2d 637, 643 (Fla. 2000).
Mann's next claim is that the prosecutor engaged in substantial misconduct during Mann's trial and that his appellate counsel was ineffective for failing to raise this issue. Mann's main argument in this claim is that the prosecutor's closing argument constitutes fundamental error because the prosecutor used the closing argument to label Mann as a sexual deviant and injected fear into the minds of the jurors. Mann also argues that comments made by the prosecutor during voir dire and questions to Gail Anderson regarding Mann's motion for a new trial contributed to the misconduct.
With regard to the prosecutorial statements made during voir dire and the questioning of witness Anderson, trial counsel *600 only objected to one of the many comments and questions cited by Mann in his habeas petition.[7] Moreover, Mann previously raised these exact same comments in his initial brief appealing the denial of his rule 3.850 motion.[8] In denying Mann's ineffective assistance of trial counsel claim, we found the claim to be without merit because Mann could not demonstrate either trial counsel's deficiency or a resulting prejudice to himself. See Mann, 770 So.2d at 1163-64. As this Court has already ruled on the merits, Mann's claim regarding the unobjected to comments is procedurally barred. See Parker v. Dugger, 550 So.2d 459, 460 (Fla.1989) ("[H]abeas corpus petitions are not to be used for additional appeals on questions which ... were raised ... in a rule 3.850 motion...."). As to the lone comment objected to by trial counsel and not pursued on direct appeal, we find that appellate counsel's failure to raise that comment does not demonstrate a deficiency that prejudiced Mann.
With regard to the closing argument regarding fundamental error, we previously have rejected similar arguments made by Mann. On direct appeal, Mann argued during closing argument that the prosecutor impermissibly transformed Mann's pedophilia into a nonstatutory aggravator, even at some point calling Mann a child molester and pervert. Appellate counsel quoted extensively from the prosecutor's closing argument, including some passages to which trial counsel objected. In his brief on direct appeal, Mann cited to Garron v. State, 528 So.2d 353 (Fla.1988), and Teffeteller v. State, 439 So.2d 840 (Fla. 1983), as authority to reverse a death sentence due to improper closing argument. We rejected Mann's argument. See Mann, 603 So.2d at 1143.
Further, on appeal of the denial of his rule 3.850 motion, Mann again argued that the prosecutor's closing argument impermissibly focused on Mann's pedophilia. Mann maintained that trial counsel was ineffective for failing to object to the prosecutor's closing argument based on Mann's sexual desires, which Mann argued so pervasively injected fear and emotion into the jurors' minds during closing. In his initial brief appealing the denial of the rule 3.850 motion, Mann again cited to Garron and Teffeteller for support to reverse the death sentence due to improper prosecutorial argument. In the 3.850 appeal, we found that a majority of Mann's argument was decided against him on the merits on direct appeal and was then being impermissibly recast as an ineffective assistance of trial counsel claim. See Mann, 770 So.2d at 1163-64. Regarding the unobjected  to comments, we found that Mann had failed to demonstrate a deficiency in performance that prejudiced him. See id.
In the habeas petition, Mann yet again argues Garron and Teffeteller and the same prosecutorial comments to demonstrate that the prosecutor's closing argument was so flawed that the only remedy is a new penalty phase.[9] Mann now labels his claim as fundamental error. Regarding the improper closing argument issue, we have twice rejected Mann's argument on the merits (including both the objected  to comments and unobjected-to comments). *601 Thus, we find Mann's current habeas claim to be procedurally barred. See Thompson v. State, 759 So.2d 650, 657 n. 6 (Fla.2000) (habeas is not proper to argue a variant to an issue already decided); Parker v. Dugger, 550 So.2d 459, 460 (Fla.1989) ("[H]abeas corpus petitions are not to be used for additional appeals on questions which ... were raised on appeal or in a rule 3.850 motion....)."
Similar to his previous claim, Mann's next claim is that his appellate counsel was ineffective for failing to argue that the trial court erred in permitting the State to focus on sexual assault in Mann's penalty phase. Mann's main argument in this claim is that the prosecutor used Mann's mental health mitigation (pedophilia) to highlight Mann's deviant sexual desires. For example, on cross-examination, the prosecutor elicited from Mann's expert, Dr. Carbonell, that Mann had sexual fantasies involving young children to which he masturbated. The prosecutor then used the State's expert, Dr. Whalen, on rebuttal to reinforce Mann's sexual behavior. Mann contends that during closing the prosecutor extensively and impermissibly discussed Mann's sexual behavior and inferred that Mann's initial attraction to Elisa Nelson was sexual in nature.
The indictment did not charge Mann with sexually assaulting his victim, and he was not convicted of sexually assaulting her. Mann argues that the prosecutor committed fundamental error by making sexual assault and pedophilia the focus of the trial and that this resulted in the jury relying upon a nonstatutory aggravating circumstance.[10] Mann grounds this claim mainly on passages from closing argument that Mann previously argued unsuccessfully in his direct appeal and during the appeal of the denial of his rule 3.850 motion. To illustrate his argument, Mann points to several questions the jury asked during its deliberation.[11]
With regard to the questions the jury asked during its deliberation, Mann previously has argued on direct appeal that questions one and two demonstrate that the jury was contemplating a sexual motive to the crime when there was none. This argument was made in the context that the trial court gave an impermissible jury instruction. We rejected that argument. See Mann, 603 So.2d at 1143-44. On appeal of the denial of his 3.850 motion, Mann argued that questions one, two, and five indicated that the jury considered during deliberations the prosecutor's improper *602 closing inferential argument that pedophilia was a nonstatutory aggravator and a motive for Mann's contrived sexual assault of Nelson. We rejected those arguments. See Mann, 770 So.2d at 1163-64. Mann now argues questions one, two, three, and five support his claim.
Mann's current argument is based on many of the closing argument statements brought to our attention in the direct appeal and on appeal of the 3.850 denial. Further, many of the passages cited in this argument are the same passages cited by him in the previous issue in this habeas. As we find Mann's current claim to be a variant to those arguments previously made, we find this issue to be procedurally barred. See Thompson v. State, 759 So.2d 650, 657 n. 6 (Fla.2000) (habeas is not proper to argue a variant to an issue already decided).
Regarding Mann's competency to be executed claim, we agree with Mann's concession that this claim is not yet ripe and is therefore without merit. See Hall v. Moore, 792 So.2d 447 (Fla.2001). As all of Mann's claims are either meritless or procedurally barred, there is no cumulative effect to consider. See Mann, 770 So.2d at 1164; Melendez v. State, 718 So.2d 746, 749 (Fla.1998). Accordingly, we deny the petition.
It is so ordered.
WELLS, C.J., and SHAW, HARDING, ANSTEAD, PARIENTE, and LEWIS, JJ., concur.
QUINCE, J., recused.
NOTES
[1] Mann argues that: (1) his death sentence is unconstitutional in light of the Supreme Court's opinion in Apprendi v. New Jersey, 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000); (2) appellate counsel was ineffective for failing to raise prosecutorial misconduct occurring during the penalty phase; (3) appellate counsel was ineffective for failing to argue that the trial court erred in permitting the State to focus on sexual assault in Mann's penalty phase; (4) cumulative error requires reversal of the death sentence; and (5) Mann is incompetent to be executed.
[2] The State argues that this habeas petition should be dismissed as untimely and abusive.
[3] Unless otherwise noted, our citations to the rules are to the rules that were in effect in 2000.
[4] In the State's answer brief, the State argued that rule 9.140(j)(3)(B) barred a habeas petition claiming ineffective assistance of appellate counsel filed more than two years after the conviction becomes final. However, rule 9.140(j) is not applicable to death-sentenced individuals by the express language of 9.140(b)(6)(E). At oral argument, the State clarified that it intended to argue the simultaneous filing requirement imposed in rule 9.140(b)(6)(E).
[5] Mann's death sentence became final when the Supreme Court denied certiorari on January 19, 1993. See Mann v. State, 603 So.2d 1141 (Fla.1992), cert. denied, 506 U.S. 1085, 113 S.Ct. 1063, 122 L.Ed.2d 368 (1993).
[6] The 1996 committee notes state in pertinent part: "Rule 9.140(b)(6)(E) adopts Florida Rule of Criminal Procedure 3.851(b)(2) and is intended to supersede that rule. See Fla. R. Jud. Admin. 2.135." Amendments to the Florida Rules of Appellate Procedure, 685 So.2d 773, 807 (Fla.1996).
[7] The trial judge did sustain an objection to the prosecutor's remark in voir dire that the jury act as conscience of the community.
[8] In fact, Mann's current habeas argument as to this issue is a nearly verbatim replica of his argument on the 3.850 appeal.
[9] In fact, Mann's current habeas petition on this issue is a nearly verbatim copy of the argument made by him on appeal of the denial of his 3.850 motion.
[10] Mann's nonstatutory aggravator argument is procedurally barred. See Parker, 550 So.2d at 460 ("[H]abeas corpus petitions are not to be used for additional appeals on questions which ... were raised on appeal or in a rule 3.850 motion."). We rejected Mann's nonstatutory aggravating circumstance argument on the merits on direct appeal. See Mann, 603 So.2d at 1143. We held Mann's attempt to relitigate this issue in his rule 3.850 motion to be procedurally barred. See Mann, 770 So.2d at 1160 nn. 1, 2. We continue to find this issue to be procedurally barred.
[11] During its deliberations, the jury asked the trial judge the following questions:

1. Was there any proof of natural or unnatural sexual intercourse with Elisa Nelson?
2. Was there any proof of a sexual encounter by the autopsy of Elisa Nelson?
3. Has Larry Mann or his attorneys applied for a new trial on the guilt phase?
4. What type of discharge did the Air Force give Larry Mann?
5. Was the seven-year-old girl that Mr. Mann fondled ever examined by a medical doctor for being raped?
6. Was Dr. Whalen admitted as an expert witness in his field?
7. What is the definition of the word "extreme" as used in reference to under the influence of extreme mental or emotional disturbance?