800 So.2d 223 (2001)
Paul Alfred BROWN, Petitioner,
v.
Michael W. MOORE, Respondent.
No. SC01-884.
Supreme Court of Florida.
November 1, 2001.
*224 Dwight M. Wells, Assistant CCRC, Capital Collateral Regional Counsel-Middle Region, Tampa, FL, for Petitioner.
Robert A. Butterworth, Attorney General, and Robert J. Landry, Assistant Attorney General, Tampa, FL, for Respondent.
PER CURIAM.
Paul Alfred Brown petitions this Court for a writ of habeas corpus. We have jurisdiction. See art. V, § 3(b)(9), Fla. Const. We deny the petition.
Brown was convicted for the shooting murder of seventeen-year-old Pauline Cowell, for which he was sentenced to death. He was also convicted of armed burglary and attempted first-degree murder. The facts of the case are more fully set forth in our opinion in Brown's direct appeal. See Brown v. State, 565 So.2d 304, 305 (Fla. 1990). Brown filed a motion for postconviction relief pursuant to Florida Rule of Criminal Procedure 3.850. The trial court denied relief, and we affirmed that denial. See Brown v. State, 755 So.2d 616 (Fla. 2000). Brown now claims that "[s]ignificant errors which occurred at Mr. Brown's capital trial and sentencing were not presented to this Court on direct appeal due to the ineffective assistance of appellate counsel." Brown makes two arguments for relief in this habeas petition.
Brown first argues that he may be incompetent to be executed. Brown agrees that this claim is premature under Florida Rule of Criminal Procedure 3.811. However, Brown asserts that he makes the argument to preserve his ability to pursue a similar claim in the federal system on account of In re Provenzano, 215 F.3d 1233, 1235 (11th Cir.), cert. denied, 530 U.S. 1256, 120 S.Ct. 2710, 147 L.Ed.2d 979 (2000). We agree with his concession that this issue is not yet ripe, and we therefore find it to be without merit. See Hall v. Moore, 792 So.2d 447, 450 (Fla.2001); Mann v. Moore, 794 So.2d 595, 600 (Fla. 2001).
Brown's second argument is that the death sentence in his case is unconstitutional as applied to him in light of the United States Supreme Court's decision in Apprendi v. New Jersey, 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000). He argues that at the time of his penalty phase, section 775.082(1), Florida Statutes (1983), provided the maximum sentence was life in prison without the possibility of parole for twenty-five years.[1] Brown further *225 argues that the aggravating circumstances were required to be charged in the indictment, submitted to the jury during the guilt phase, and found by the jury in a unanimous verdict. Brown claims that his appellate counsel was ineffective for not raising these issues.
We have previously rejected identical arguments. See Mills v. Moore, 786 So.2d 532, 536-38 (Fla.), cert. denied, ___ U.S. ___, 121 S.Ct. 1752, 149 L.Ed.2d 673 (2001); Mann, 794 So.2d at 600. For the same reasons explained in those opinions, we reject Brown's arguments. Thus, we find that Brown's appellate counsel was not ineffective for failing to raise these issues. Accordingly, we deny the petition for writ of habeas corpus.
It is so ordered.
WELLS, C.J., and SHAW, HARDING, ANSTEAD, PARIENTE, and LEWIS, JJ., concur.
QUINCE, J., recused.
NOTES
[1] The murder occurred in 1986; therefore, Brown's citation to the 1983 version of section 775.082(1) is in error. However, the 1985 version and the 1987 version (the year of his penalty phase) were identical to the 1983 version. We have rejected Brown's challenge to the 1979 version in Mills v. Moore, 786 So.2d 532 (Fla.), cert. denied, ___ U.S. ___, 121 S.Ct. 1752, 149 L.Ed.2d 673 (2001), and the 1989 version in Mann. The 1983, 1985, and 1987 versions of section 775.082(1) are identical to the 1979 and 1989 versions of the statute.