840 So.2d 981 (2003)
George PORTER, Jr., Petitioner,
v.
James V. CROSBY, Jr., etc., et al., Respondents.
No. SC01-2707.
Supreme Court of Florida.
January 9, 2003.
Rehearing Denied March 13, 2003.
*983 Kevin T. Beck, Assistant CCRC, and Leslie Anne Scalley, Staff Attorney, Capital Collateral Regional CounselMiddle, Tampa, FL, for Petitioner.
Charlie Crist, Attorney General, and Kenneth S. Nunnelley, Assistant Attorney General, Daytona Beach, FL, for Respondent.
PER CURIAM.
George Porter, Jr. petitions this Court for writ of habeas corpus. We have jurisdiction, see art. V, § 3(b)(9), Fla. Const., and deny the petition.
Porter pled guilty to the 1985 first-degree shooting murders of Evelyn Williams and Walter Burrows. Porter received a death sentence for Williams' murder and a life sentence for Burrows' murder. The facts are more fully set forth in our opinion in Porter's direct appeal. See Porter v. State, 564 So.2d 1060, 1061-62 (Fla.1990), cert. denied, 498 U.S. 1110, 111 S.Ct. 1024, 112 L.Ed.2d 1106 (1991). Porter filed a motion for postconviction relief pursuant to Florida Rule of Criminal Procedure 3.850. The trial court denied relief, and we affirmed that denial. See Porter v. State, 788 So.2d 917 (Fla.2001), cert. denied, 534 U.S. 1004, 122 S.Ct. 484, 151 L.Ed.2d 397 (2001).[1] Porter now raises several claims and subclaims in his petition for writ of habeas corpus (habeas petition).[2]
*984 Claims of ineffective assistance of appellate counsel are cognizable in a habeas petition. See Rutherford v. Moore, 774 So.2d 637, 643 (Fla.2000). The standard of review applicable to claims of ineffective assistance of appellate counsel raised in a habeas petition mirrors the Strickland v. Washington, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984), standard for trial counsel ineffectiveness. See Jones v. Moore, 794 So.2d 579, 583 (Fla.2001). However, claims raised in a habeas petition which petitioner has raised in prior proceedings and which have been previously decided on the merits in those proceedings are procedurally barred in the habeas petition. See Mann v. Moore, 794 So.2d 595, 600-01 (Fla.2001); see also Parker v. Dugger, 550 So.2d 459, 460 (Fla. 1989) ("[H]abeas corpus petitions are not to be used for additional appeals on questions which ... were raised on appeal or in a rule 3.850 motion...."). Moreover, it is improper to argue in a habeas petition a variant to a claim previously decided. See Jones, 794 So.2d at 586 (finding procedural bar to habeas claim which was variant to claim previously addressed). We find claim one and subclaims (c), (d), and (e) of claim two to be procedurally barred because we have previously addressed those claims or a variant to those claims.[3] We address Porter's remaining claims in turn.
Porter contends in subclaim (a) of claim two that appellate counsel was ineffective for failing to raise improper prosecutorial antics and arguments which constituted fundamental error. In addition to events occurring prior to Porter pleading guilty, Porter alleges that an offthe-record discussion, a prosecutorial comment concerning an attorney lying on the floor, and a commotion occurring during the penalty phase closing illustrate the ineffectiveness claim.[4] Porter's trial counsel, however, did not object to any of these items. As the items were not preserved, appellate counsel cannot be ineffective for not raising those contentions on appeal unless those contentions constituted fundamental error. See Spencer v. State, 27 Fla. L. Weekly S323 (Fla. April 11, 2002). We have explained:
In order for an error to be fundamental and justify reversal in the absence of a timely objection, "the error must reach down into the validity of the trial itself to the extent that a verdict of guilty could not have been obtained without the assistance of the alleged error." In order for improper comments made in the closing arguments of a penalty phase to constitute fundamental error, they must be so prejudicial as to taint the jury's recommended sentence.
Id. at S329 (quoting Brown v. State, 124 So.2d 481, 484 (Fla.1960)).
Porter asserts that appellate counsel was ineffective for failing to raise as an appellate point an off-the-record discussion *985 that constituted fundamental error. The off-the-record discussion concerned a brief conversation between the prosecutor and the trial judge during the penalty phase. The prosecutor became upset at one of the trial judge's rulings. In order to not embarrass the prosecutor, the trial judge requested the prosecutor to step outside to calm down. The trial judge followed the prosecutor out into the hallway, whereupon the prosecutor indicated that the trial judge was "sanitizing" the proceedings by preventing the jury from hearing the true horrific nature of the murders. The trial judge immediately ceased the conversation. Shortly thereafter, in chambers and on the record, the trial judge disclosed to defense counsel, Porter, and the prosecutor what had occurred and offered defense counsel the ability to voir dire the trial judge and prosecutor. Defense counsel declined the offer and stated that Porter suffered no prejudice. Porter has failed to demonstrate how this encounter prejudiced him. Clearly, the jury was unaware of the encounter and still recommended death by a vote of twelve to zero. Nor is there a basis to reasonably conclude that this encounter prejudiced the trial judge. This claim does not constitute fundamental error.
Porter's next fundamental error contention is that the prosecutor made reference to the fact that during the guilt phase, the prosecutor acted as a mannequin to illustrate the path of the bullets through the victim's body. Porter asserts that the prosecutor's conduct was highly improper and inflammatory. We have examined the brief statement by the prosecutor in its context, and we conclude the remark did not constitute fundamental error. See Jones, 794 So.2d at 589 (finding prosecutorial argument which in that case was more egregious did not constitute fundamental error).
Porter also contends that there was a courtroom commotion occurring during the prosecutor's penalty phase closing argument, and appellate counsel should have raised that issue on appeal. The record reflects that the trial judge interrupted the prosecutor during the prosecutor's penalty phase closing argument and sent the jury outside. At that point, the trial judge addressed the courtroom audience and requested that the audience members not stare at the defendant and otherwise maintain their composure by not crying. The trial judge then stated that he had been watching the jury and that the jury had not seen any disturbance. There is no basis to reasonably conclude that the trial judge's statement was incorrect or that the jury's unanimously recommended death sentence was tainted. We have examined the totality of Porter's contentions and conclude that none of them singularly or collectively constitute fundamental error. Thus, we conclude this subclaim is meritless.
Next, in subclaim (b) of claim two, Porter contends that his appellate counsel was ineffective for failing to raise on appeal the trial court's consideration of nonstatutory aggravating circumstances in its sentencing order. The State counters by contending this claim is procedurally barred. We conclude that this claim is not procedurally barred but that it is meritless.
Appellate counsel did not raise the nonstatutory aggravation argument on direct appeal. While Porter raised an identical claim in his rule 3.850 motion, we found the claim to be procedurally barred because the claim should have been brought on direct appeal. See Porter, 788 So.2d at 921 (citing Remeta v. Dugger, 622 So.2d 452, 453-54 (Fla.1993)). Because this claim should have been brought on direct appeal and was not, we examine the claim *986 here to determine whether Porter was prejudiced by the claim not being presented on direct appeal.
We conclude that Porter was not prejudiced because we find from a review of the sentencing order that the trial court only considered in aggravation the statutory aggravating circumstances. Porter points to the discussion concerning the time of the crime, the bullet paths, and the number of gun shots by the trial court in the sentencing order. However, this discussion was in respect to the heinous, atrocious, or cruel (HAC) aggravator finding. See State v. Porter, No. 86-5546-CF-A, order at 4-5 (Fla. 18th Cir. Ct. order filed Mar. 4, 1988).[5] Moreover, what Porter claims as nonstatutory aggravation in actuality are simply the facts of the case. Because the trial court did not consider nonstatutory aggravating circumstances, Porter has failed to demonstrate that his appellate counsel was ineffective for not arguing this claim on direct appeal. See Rutherford, 774 So.2d at 643 (holding appellate counsel is not ineffective for not arguing a claim with little or no merit).
In claim three, Porter argues that his death sentence is unconstitutional as applied to him in light of Apprendi v. New Jersey, 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000). Porter contends that under Florida law, a life sentence is the maximum penalty under section 775.082, Florida Statutes (1985), and therefore aggravating circumstances necessary for an enhancement to a death sentence are elements of the crime. Moreover, he contends that Apprendi requires that the aggravating circumstances needed to have been charged in the indictment, submitted to the jury, and individually found by a unanimous jury verdict. Contrary to Porter's claims, we have repeatedly held that the maximum penalty under the statute is death and have rejected the other Apprendi arguments. See Mills v. Moore, 786 So.2d 532, 536-37 (Fla.2001); see also Mann, 794 So.2d at 599. Thus, this issue is meritless.[6]
Regarding claim five, that Porter may be incompetent to be executed, we agree with Porter's concession that this claim is not yet ripe and is therefore without merit. See, e.g., Brown v. Moore, 800 So.2d 223, 224 (Fla.2001); Mann, 794 So.2d at 602. We find that Porter's claim four and subclaim (f) of claim two, the cumulative error claims, are insufficiently pled under Strickland because Porter points to no specific claim of error; instead, he only generally asserts there were errors revealed in the direct appeal, the rule 3.850 motion, the appeal of the denial of the rule 3.850 motion, and this habeas petition. See Freeman v. State, 761 So.2d 1055, 1069 (Fla.2000) ("The defendant has the burden of alleging a specific, serious omission or overt act upon which the claim of ineffective assistance of counsel can be based."). Regardless of the insufficiency of the pleading, as all of his claims are either meritless or procedurally barred, there is no cumulative effect to consider. See Mann, 794 So.2d at 602. Accordingly, we deny the petition for writ of habeas corpus.
It is so ordered.
WELLS, LEWIS, and QUINCE, JJ., and HARDING, Senior Justice, concur.
*987 ANSTEAD, C.J., and SHAW, Senior Justice, concur in result only.
PARIENTE, J., concurs in result only with an opinion.
PARIENTE, J., concurring in result only.
I concur in the denial of relief under Ring v. Arizona, 536 U.S. 584, 122 S.Ct. 2428, 153 L.Ed.2d 556 (2002), for the same reasons as in my concurring-in-result-only opinions in Bottoson v. Moore, 27 Fla. L. Weekly S891, 833 So.2d 693(Fla. 2002), and King v. Moore, 831 So.2d 143, 27 Fla. L. Weekly S906 (Fla. Oct. 24, 2002). Although I believe that Ring compels us to recede from our statement in Mills v. Moore, 786 So.2d 532, 537-38 (Fla.2001), that death is the maximum penalty authorized for a first-degree murder verdict under Florida law, this conclusion yields Porter no relief.
Two aggravating circumstances were based on Porter's contemporaneous convictions by a jury, during the guilt phase, of a second murder, aggravated assault, and burglary as part of the same criminal episode. See Porter v. State, 564 So.2d 1060, 1062 n. 2 (Fla.1990). Furthermore, similar to King, the jury unanimously recommended the death penalty for Porter. See Porter v. State, 788 So.2d 917, 920 (Fla. 2001). Accordingly, Porter is not entitled to relief under Ring and I concur in result only as to the denial of his habeas petition on this issue.
NOTES
[1] Prior to filing this rule 3.850 motion, Porter filed an improperly sworn rule 3.850 motion. On appeal of the trial court's denial of that motion, we dismissed Porter's appeal to allow Porter to file a properly sworn motion for postconviction relief. See Porter v. State, No. SC82509 (Fla. order filed Nov. 29, 1994). By separate order, we denied Porter's pro se habeas petition related to this issue. See Porter v. State, No. SC84159 (Fla. order filed Nov. 29, 1994).
[2] In light of the claims being misnumbered, we have renumbered Porter's claims and lettered the subclaims. Porter contends that: (1) the death sentence is disproportionate in light of trial counsel's failure to present mitigating evidence; (2) appellate counsel was ineffective for failing to raise on appeal: (a) improper prosecutorial antics and arguments that constituted fundamental error; (b) that the trial court considered nonstatutory aggravating circumstances; (c) that the trial court failed to find certain mitigating factors; (d) that penalty phase counsel was ineffective; (e) that the record on appeal was not complete; and (f) cumulative error; (3) the death sentence is unconstitutional as applied to him in light of Apprendi v. New Jersey, 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000); (4) cumulative error warrants reversal of the death sentence; and (5) he might be incompetent to be executed.
[3] Claim one was denied on direct appeal. See Porter, 564 So.2d at 1064-65. Subclaims (c) and (d) of claim two are variants to the claim of trial counsel's ineffectiveness extensively addressed and denied in the rule 3.850 proceeding. See Porter, 788 So.2d at 921-25. Subclaim (e) of claim two, the complete record claim, was addressed in the rule 3.850 proceeding. See id. at 926. Indeed, with regard to that claim, we explained:

In fact, a comparison of the record that Porter has now obtained from postconviction counsel to the record on appeal reveals that the record on appeal was more complete and comprehensive. Therefore, Porter suffered no prejudice as a result, and no evidentiary hearing was required.
Id.
[4] Porter pled guilty. Thus, this claim is only applicable to the death sentence and not to the plea.
[5] This Court struck the HAC aggravator on direct appeal. See Porter, 564 So.2d at 1063.
[6] We have denied relief for postconviction claims based upon similar arguments. See Bottoson v. Moore, 833 So.2d 693 (Fla. 2002); King v. Moore, 831 So.2d 143 (Fla.2002).