985 So.2d 1152 (2008)
David William MILLER, Petitioner,
v.
The STATE of Florida, Respondent.
No. 3D07-2685.
District Court of Appeal of Florida, Third District.
June 18, 2008.
David William Miller, in proper person.
Bill McCollum, Attorney General, and Magaly Rodriguez, Assistant Attorney General, for respondent.
Before SUAREZ, ROTHENBERG, and LAGOA, JJ.
ROTHENBERG, J.
David William Miller ("Miller"), who was convicted of burglary and grand theft, seeks a writ of habeas corpus from this Court on the basis of ineffective assistance of counsel on direct appeal. Miller claims that appellate counsel was ineffective for failing to seek review regarding the sufficiency of the evidence. Specifically, he alleges that there was insufficient evidence presented at trial to establish what property, if any, was stolen, and the value of the stolen property. Because there was ample evidence regarding the items taken and their value, and the value was in excess of $300, we conclude that appellate counsel did not provide ineffective assistance of *1153 counsel by failing to raise these issues on direct appeal. See Mann v. Moore, 794 So.2d 595, 599 (Fla.2001) (holding that "[a]ppellate counsel cannot be ineffective for not raising on appeal an issue with little or no merit").
The victim testified that at approximately 10:30 p.m. on March 12, 2004, when he attempted to retrieve some medication from his truck, he found Miller inside his truck going through his things. The victim ran inside his home, picked up a broom, yelled for his wife to call the police, and ran back outside to confront Miller. After a physical encounter with the victim, Miller fled on foot and then in a car he had parked nearby. The victim noted the vehicle's tag number, and he subsequently identified Miller from a photographic lineup. The victim testified that after Miller fled the scene, he returned to his truck and discovered that his camera, cell phone, and cash were missing, and his medication and laptop computer, which had been in his truck, were lying on the ground near the truck. The victim provided a list of the items taken from the truck and their value to the prosecutor prior to trial. The victim testified that he paid $250 for the camera, and forty to fifty dollars in cash was taken. His cell phone, which he had just purchased for $215, was found three or four days later outside of his fence but it was water-soaked and a complete loss. The victim's medication, which cost him thirty-five dollars, was found scattered on the ground, and it too was not usable. Lastly, the victim testified that his laptop computer, found just outside of his truck, was damaged, and it cost him $1800 to have it repaired.
As evidenced by the victim's testimony, the evidence presented by the State established that the items Miller took or endeavored to take were: a camera, cash, medication, a cell phone, and a laptop computer, and the value of these items exceeded $300. Accordingly, appellate counsel was not ineffective for failing to raise a sufficiency of the evidence argument on direct appeal.
Petition denied.